STATE OF MINNESOTA *vs.* JOHN SCHMAIL. (First Case.)

January 10, 1879.

Intoxicating Liquor—Complaint.—In a criminal prosecution before a justice of the peace, for unlawfully disposing of intoxicating liquor without a license, the complaint and warrant must allege the name of the person to whom the unlawful disposition is made, or, if his name be unknown, a description of him.

Complaint was made against defendant before a justice of the peace for selling intoxicating liquor without a license, and a warrant was issued thereon. Neither the complaint nor the warrant stated the name of the person to whom the liquor was sold, nor that such name was unknown, nor any description of such person. On this ground, the defendant at the trial moved for a discharge, which motion was denied, and he was convicted and sentenced. On appeal to the

district court for Dodge county, on questions of law alone, the judgment was affirmed, by *Lord*, J., and the defendant again appealed.

*B. F. Latta* and *A. J. Edgerton*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

BERRY, J. This was a prosecution before a justice of the peace, for bartering, selling, furnishing, and giving away spirituous liquor, without a license. Neither the complaint nor the warrant contains any statement as to the person to whom the liquor was bartered, sold, furnished or given away. For this reason, both are insufficient. An offence charged should be described with certainty sufficient to inform the defendant of the particular thing with which he is charged. Otherwise, he cannot know how to prepare his defence. Such certainty is also requisite that he may conveniently avail himself of an acquittal or conviction, in bar of a subsequent prosecution for the same matter. It is difficult to conceive of any fact in regard to an unlawful disposition of spirituous liquors, the allegation of which would describe such offence with more certainty, and which could be made with greater brevity, or less practical inconvenience, than an allegation of the name of the person to whom the disposition was made, or, if his name be unknown, a description of him. Without some such allegation or description, there is a manifest want of the certainty which is necessary to a proper identification of the offence charged.

We are aware that there is a diversity of opinion on this point, (see Bishop's Stat. Crimes, § 1037 and notes,) but think that the views above expressed are sustained by the better reason, and by the analogies of the rules of criminal pleading.

Judgment reversed.