STATE v. NELS NELSON.

May 8, 1900.

Nos. 12,019—(12).

**Indictment Insufficient.**

An indictment which alleges that the defendant is accused of having committed an offense (stating it), but which does not directly charge that the defendant committed the offense, is insufficient, as against an objection that the indictment does not charge a crime, or state facts sufficient to constitute a public offense.

Nels Nelson was indicted for the offense described in the opinion in the district court for Freeborn county. The case was tried before Kingsley, J., and a jury, which rendered a verdict of guilty.

From an order denying a motion for a new trial, defendant appealed. Reversed.

*Henry A. Morgan*, for appellant.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, and *R. S. Clements*, County Attorney, for the State.

LEWIS, J.

Appeal by defendant from an order denying defendant's motion for a new trial. The indictment reads as follows:

"Nels Nelson is accused by the grand jury of the county of Freeborn and state of Minnesota, by this indictment, of having on the 30th day of January, A. D. 1900, at the city of Albert Lea, in the county of Freeborn and state of Minnesota, committed the crime of wrongfully, unlawfully, and feloniously keeping and suffering to be kept, set up, and used for the purpose of gambling a gambling instrument and device, commonly called a 'nickel in the slot machine,' —the said nickel in the slot machine being then and there a mechanical contrivance of wheels, cogs, and levers, a more particular description of which is to the grand jury unknown, and adapted, devised, and designed to be used in gambling, in the first story of a two-story brick building on West Clark street, in said city of Albert Lea, county of Freeborn and state of Minnesota; the said first story of said building being then and there kept, used, and occupied by and under the control of said Nels Nelson."

The objection urged to this pleading is that the facts stated in it do not constitute a public offense, and that it charges no crime or public offense. G. S. 1894, § 7241, requires that an indictment shall be direct and certain, as it regards the party charged, the offense charged, and the particular circumstances of the offense charged, when necessary to constitute a complete offense. Section 7238 provides, second, that the indictment shall contain a statement of the acts constituting the offense, in ordinary and concise language. Section 7239 states that the indictment "may be substantially in the following form." Then follow forms of indictment applicable to different crimes, in all of which is present the description of the offense charged, and a specific charge that the accused committed that offense, viz.:

"A. B. is accused by the grand jury of the county of ——— by this indictment of the crime of ———, (here insert the name of the offense, * * * or if * * * having no general name * * *

insert a brief description of it  *  *  *), committed as follows: The said A. B. on the ——— day of ——— A. D. 18—, at the, etc. *  *  * (Here set forth the act charged as an offense  *  *  *.)"

Section 7240 provides that the manner of stating the act constituting the offense as set forth in the preceding forms is sufficient in all cases where the forms there given are applicable. In all other cases forms may be used as nearly similar as the nature of the case permits. These sections and forms must be taken into account when testing the validity of an indictment. The specific matters stated as necessary in section 7241 are recognized and applied in the various forms. There must be a direct charge against the accused that he committed the offense. A recital that he is accused of having committed it is not a charge that he has committed it.

The indictment under consideration states that defendant is accused of having committed an offense, and the offense is described; but the pleading does not charge directly that defendant committed the offense, and for this reason the order of the trial court must be reversed, and the cause remanded, with directions to the district court to discharge the defendant, or resubmit the matter to another grand jury, as it may be advised. So ordered.