STATE v. JOHN TRACY.[1]

January 23, 1901.

Nos. 12,443—(14).

**Highway Labor—Complaint Defective.**

A complaint charging a person with a failure and refusal to commute
or work an assessment of highway labor, authorized to be assessed by
G. S. 1894, § 1783, which wholly fails to allege in or for what year the
assessment was made, and which wholly fails to negative the exceptions
contained in the section of the statute so authorizing the assessment, is
fatally defective.

**Objection First Taken on Appeal.**

Such defects go to the sufficiency of the complaint to state a public
offense, and are not waived by a failure to make the objections to the
trial court.

From a judgment of a justice of the peace convicting defend-
ant of the offense set forth in the opinion and adjudging that
he pay a fine of $2 and $47.13 costs of prosecution, defendant
appealed on questions of law alone to the district court for Hous-
ton county. In the district court the appeal was heard before
Kingsley, J., who rendered a decision affirming the judgment.
From a judgment of the district court entered pursuant to the
decision, defendant appealed to the supreme court. Reversed.

*William Burns,* for appellant.

*W. B. Douglas,* Attorney General, *C. W. Somerby,* Assistant At-
torney General, and *C. S. Trask,* County Attorney, for respondent.

BROWN, J.

This is a criminal prosecution commenced before a justice of
the peace against defendant for the failure and refusal on his
part to commute or work his assessment of highway labor. De-
fendant was convicted in the justice court, and appealed to the
district court upon questions of law alone, where the judgment
of the justice was affirmed, and he appeals to this court.

The only question presented for consideration is whether the

[1] Reported in 84 N. W. 1015.

complaint states a public offense. So far as here material, it reads as follows:

"Jokkom Larson, of said town, on oath complains and says that he is overseer of highways for road district number 10, in said town; that John Tracy, an inhabitant of said district, was duly assessed one day's labor on highways therein; that on the 28th day of September, A. D. 1899, he duly notified the said John Tracy to appear on the 3d day of October * * * for the purpose of working," etc.

The highway labor which defendant is charged with having failed and refused to commute or perform was assessed against him under and pursuant to G. S. 1894, § 1783. This section provides that

"Every male inhabitant, being above twenty-one years and under the age of fifty, excepting paupers, idiots, lunatics, and such others as are exempt by law, shall be assessed not less than one day, nor more than four days in each year. * * *"

Two points are made against the complaint, viz.: (1) That it fails to allege the year in or the year for which the assessment was made by the town board; and (2) that it fails to negative the exceptions contained in the above-quoted statute. Both objections are well taken, and are fatal to this complaint. In construing the complaint with respect to these objections, we are guided by the rules of criminal pleading, and not by the rules applicable to civil proceedings.

The failure of a person duly assessed for highway labor to commute the same or perform the work when warned so to do by the proper overseer of highways is declared by statute a misdemeanor. G. S. 1894, § 1793. And the statutes expressly provide that prosecutions of such failure and refusal shall be had and conducted as prosecutions for other misdemeanors are conducted. G. S. 1894, § 1795. So there is no escape from an application of the rules of the criminal law and procedure. It is an elementary rule of criminal pleading that every essential element of the crime charged must be affirmatively alleged in the indictment or complaint. Wharton, Cr. Pl. § 152, et seq. One of the essential elements of the crime charged against defendant is the due

assessment of the highway labor by the proper town board. It should have been alleged in the complaint not only that the assessment was duly made by the proper town board of supervisors, but when and for what year so made. The allegation that the assessment was duly made may be construed to include an allegation that it was made by the town board of supervisors, but cannot be broadened and made to cover or include the year in or the year for which it was made.

One of the tests by which the sufficiency of a criminal complaint is determined is, will it protect the accused from a second prosecution for the same offense? State v. Schmail, 25 Minn. 368. If defendant should be charged by a second prosecution with a refusal to work the highway tax assessed against him for the year 1899, could he interpose the record of this conviction in defense and bar of such second prosecution? Clearly not, because it does not appear from the complaint that he is here charged with a failure to pay the assessment for that year. For this reason the complaint is clearly defective. State v. Clarke, 31 Minn. 207, 17 N. W. 344; State v. Schmail, supra; State v. Gluck, 41 Minn. 553, 43 N. W. 483; People v. Heffron, 53 Mich. 527, 19 N. W. 170.

It is thoroughly settled by the decisions of this court (and they are in accord with the trend of decisions elsewhere) that an indictment or criminal complaint must negative exceptions found in the enacting clause of the statute on which the indictment or complaint is founded, and a failure to do so is fatal. State v. McIntyre, 19 Minn. 65 (93); State v. Jarvis, 67 Minn. 10, 69 N. W. 474; State v. Corcoran, 70 Minn. 12, 72 N. W. 732; 10 Enc. Pl. & Pr. 495. The complaint before us not only fails to negative the exceptions found in the section of the statute authorizing the assessment of highway labor, above quoted, but fails to bring defendant within the class of persons who are there made liable to such assessment.

No objections to the complaint were made in the court below, but the objections are raised for the first time in this court. But, under the familiar rule that the objection that an indictment does not state facts sufficient to constitute a public offense may be raised at any stage of the proceedings, we are not at liberty to

disregard the defects, or to hold that defendant waived them by not objecting in the court below. Had they been urged in the court below, no doubt the court would have sustained them and finally disposed of the case.

We recognize the fact that this prosecution is of very moderate importance, presenting no new or doubtful principle of law or question of practice, but only a stubborn disposition on the part of defendant to avoid, as long as possible, parting with his just and proper contribution towards keeping the public roads of his town in good repair. If we could affirm the case without doing violence to well-settled rules of judicial procedure, we should certainly do so. But the record will not permit it.

Judgment reversed.