STATE OF MAINE *vs*. BENOIT ARSENAULT.

Kennebec.     Opinion November 30, 1909.

*Nuisance.   Common   Nuisances.   Intoxicating   Liquors.   Indictment.   Conviction.
Revised Statutes, chapter 22, section 1.*

Under Revised Statutes, chapter 22, section 1, declaring places used as houses
of ill fame or for the illegal sale or keeping of intoxicants, etc., to be·
common nuisances, all the prohibited acts need not be alleged or proved
to constitute a nuisance; it being sufficient to allege one.

An indictment charging that accused unlawfully used his dwelling house for
the illegal keeping and sale of intoxicants, and that the place was one
where intoxicants were unlawfully kept, sold, given away, drank, and
dispensed, charges one offense only, under Revised Statutes, chapter 22,
section 1, declaring places used for the illegal sale or keeping of intoxicants
and places where intoxicants are illegally kept, sold, given away, or dis-
pensed; the latter allegations respecting the place being properly dis-
regarded as surplusage, if indefinite.

Under Revised Statutes, chapter 22, section 1, declaring certain places to be
common nuisances, a conviction for keeping a place bars other prosecutions,
under the same section for the period covered by the indictment.

An indictment under Revised Statutes, chapter 22, section 1, charging that
accused's dwelling house was a place where intoxicants were illegally kept,
sold, given away, etc., need not allege in terms that he did, knew of, or
consented to the prohibited acts.

On exceptions by defendant.     Overruled.

The defendant was indicted in the Superior Court, Kennebec
County, for keeping and maintaining a common nuisance as defined
by Revised Statutes, chapter 22, section 1.   The indictment, omit-
ting formal parts, is as follows:

"The Jurors for said State, upon their oath present, that Benoit
Arsenault of Augusta in said County of Kennebec, on the first day
of October in the year of our Lord one thousand nine hundred and
seven and on divers other days between said day and the day of the
finding of this indictment, at Augusta, in said County of Kennebec,
a certain tenement, occupied by the said Benoit Arsenault, as a
dwelling house, situate in Augusta, aforesaid, unlawfully did use ·

for the illegal keeping and illegal sale of intoxicating liquors, and where on that day, and on divers other days, between said day and the day of the finding of this indictment, intoxicating liquors were sold for tippling purposes, and which said tenement was on said day, and on divers other days, between said day and the day of the finding of this indictment, then and there a place of resort where intoxicating liquors then and on said divers other days, were unlawfully kept, sold, given away, drank, and dispensed. And so the jurors aforesaid, upon their oath aforesaid, do say and present that the said Benoit Arsenault at said Augusta in said County of Kennebec on said day and on said divers other days, unlawfully did keep and maintain a common nuisance, against the peace of the State and contrary to the form of the statute in such case made and provided."

· The defendant demurred to the indictment, the demurrer was overruled and the defendant excepted.

The case is stated in the opinion.

*Fred Emery Beane*, County Attorney, for the State.

*Williamson & Burleigh*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

PEABODY, J. The offense charged against the respondent is keeping a common nuisance defined by R. S., chapter 22, section 1, based upon certain distinct acts and conditions relied upon by the State as constituting the nuisance.

The respondent filed a demurrer to the indictment which was overruled by the presiding Judge, and the question is before the Law Court on his exceptions.

He contends that the indictment is defective because it does not allege that he kept a certain place and that the place was used for illegal purposes. The statute declares that all places used for certain purposes or where certain acts are done and conditions exist, are common nuisances. All mala prohibita specified in the statute need not be alleged or proved to constitute a nuisance. If the

indictment alleges any one of these causes, and charges the respondent with keeping and maintaining such a place, it is sufficient.

It is here charged (among other things) that Benoit Arsenault, a certain tenement occupied by the said Benoit Arsenault as a dwelling house, unlawfully did use for the illegal keeping and the illegal sale of intoxicating liquors. These words are unambiguous and distinctly allege that he used the tenement which he occupied for a dwelling house, for the illegal keeping and the illegal sale of intoxicating liquors.

Only one offense is charged in the indictment, that of keeping a statutory nuisance, although several causes constituting it are set out. If the respondent kept a place used for the illegal sale of intoxicating liquors, a place used for the illegal keeping of intoxicating liquors, or if he kept a place affected by all the prohibited acts and conditions mentioned in the indictment, he kept a common nuisance. The penalty is no less for keeping a place for one of these illegal purposes than for all. A conviction for keeping the place created a public nuisance by any one of these causes, would be a bar to any other indictment for any or all others specified in the statute for the period of time covered by the indictment. *State* v. *Lang*, 63 Maine, 215; *State* v. *Stanley*, 84 Maine, 555; *Commonwealth* v. *Kimball*, 7 Gray, 328.

These terms charge him with customarily doing acts in connection with his dwelling house prohibited by law. No words can more clearly express the keeping and maintaining of a place for unlawful purposes than the words "did use." "'Whoever keeps or maintains' will apply therefore either to the one who controls the occupation and procures or permits the illegal use; or to one who engages in the illegal use and thus maintains or aids in maintaining the public nuisance." *Commonwealth* v. *Kimball*, 105 Mass. 465.

If this definite expression of the respondent's use of the place might be considered as excluding or leaving indefinite the charge of his keeping or maintaining the dwelling house for the other things predicated of the place, they may be rejected as surplusage. *Commonwealth* v. *Pray*, 13 Pick. 359. But we think these matters are well pleaded. The indictment states that the dwelling house occu-

pied by the respondent was a place where other illegal practices
were carried on, which by statute constitute a common nuisance,
and thereupon alleges that he kept and maintained such a nuisance.
This is sufficient it being unnecessary to allege in terms that he did,
knew of, or consented to the acts and conditions prohibited.
*State* v. *Stanley*, supra; *State* v. *Ryan*, 81 Maine, 107.

*Exceptions overruled.*