# STATE v. FRANK A. MAYO.[1]

June 28, 1912.

Nos. 17,553—(4).

**Vending of poison — indictment sufficient.**

>   The indictment herein is based upon section 2340, R. L. 1905, and purports
> to charge the defendant with the crime of permitting the vending of poison
> in his place of business without the supervision of a registered pharmacist
> or assistant, which resulted in the death of a human being. It alleged the name
> of the person to whom the sale was made, but not the name of the person
> making it; that the defendant knowingly permitted the sale, but not the
> manner or mode in which the defendant permitted the sale; and that the
> sale was made without the supervision of a registered pharmacist or assistant.
> *Held,* that the indictment states facts sufficient to constitute a public offense.

Defendant was indicted by the grand jury of Beltrami county
for the crime of permitting the vending of poison in his place of busi-
ness without the supervision of a registered pharmacist or assistant,
which resulted in the death of a human being. Defendant's demurrer
to the indictment was overruled by Stanton, J., who, at the request
of defendant, certified to this court the questions enumerated in the
opinion. The questions were answered in the affirmative. Remanded
for further proceedings.

*Lyndon A. Smith,* Attorney General, *William J. Stevenson,* As-
sistant Attorney General, and *Graham M. Torrance,* County Attor-
ney, for the State.

*E. E. McDonald, P. J. Russell,* and *McDonald & Clark,* for de-
fendant.

START, C. J.

The grand jury returned to the district court of the county of Bel-
trami an indictment against the defendant purporting to charge him
with the crime of permitting the vending of poison in his place

[1] Reported in 136 N. W. 849.

of business without the supervision of a registered pharmacist or assistant, which resulted in the death of a human being. The defendant demurred to the indictment on the ground that the facts stated therein did not constitute a public offense. The demurrer was overruled, and the trial court, at the defendant's request, certified to this court the questions following:

"1. Does the indictment in the above-entitled action state facts sufficient to constitute a public offense?

"2. Is the indictment sufficiently direct and certain to inform the accused of the nature of the accusation?.

"3. Is the indictment sufficiently direct and certain as to enable the defendant to make a choice as to plea of guilty or not guilty?

"4. Does the indictment sufficiently negative the vending of drugs by a registered pharmacist or assistant?"

The first question necessarily includes the other three, which are simply tests of the sufficiency of the facts stated in the indictment to constitute a public offense. The indictment is based upon section 2340, R. L. 1905, which, so far as here material, is as follows:

"No registered pharmacist or other person shall permit the compounding or dispensing of prescriptions or the vending of drugs, medicines or poisons in his place of business except under the supervision of a registered pharmacist or assistant. Every person violating any provision of this section shall be guilty of a misdemeanor except in cases where the death of a human being results from such violation when the person offending is guilty of a felony."

The here material charging part of the indictment is this: "The said Frank A. Mayo * * * did wilfully, unlawfully, feloniously, and knowingly, at the place of business of the said Frank A. Mayo, therein situate, without the supervision of a registered pharmacist and without the supervision of an assistant to a registered pharmacist, permit, mixed with other drugs and medicines, the vending to one Arthur Aekerberg of that certain poison commonly known as strychnine, * * * which said poison, so mixed with other medicines and drugs, was thereafter, thereat, administered to one Carl Aekerberg, * * * and from the effects of which said poison so ad-

118 M.—22.

ministered the death of the said Carl Aekerberg * * * did result."

This indictment charges a statutory offense in the language of the statute, and it is sufficient if thereby all that is essential to constitute the offense is directly charged; otherwise not. State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L.R.A. 178, 61 Am. St. 403.

Now, the gist of the offense intended to be charged is, as defined by the statute, the permitting of the vending of poison by a registered pharmacist or other person in his place of business without the supervision of such a pharmacist or his assistant. The first objection to the indictment is that it fails to allege the manner in which the defendant permitted the vending or sale of the poison to be made, or the name of the person who actually vended the poison. It is clear that the indictment, although following the words of the statute, would be fatally defective if it had not alleged the name of the person to whom the poison was sold; otherwise the defendant would not know how to prepare his defense or avail himself of an acquittal or conviction in bar of a subsequent prosecution for the same matter. State v. Schmail, 25 Minn. 368.

The indictment in the case cited was for unlawfully disposing of intoxicating liquors without a license, and it charged the offense in the language of the statute, but did not state the name of the persons to whom the liquor was sold, or that his name was unknown. The indictment was held insufficient.

In the instant case the indictment definitely specifies the particular transaction in question by stating the time, place, and the name of the person to whom the poison was sold, thus enabling the defendant, by inquiry of the person to whom the alleged sale was made, to learn the circumstances under which the poison was purchased, and readily avail himself of an acquittal or conviction in bar of a subsequent prosecution for the same matter. The efficiency of an allegation in an indictment stating the name of the person to whom the sale was made is convincingly stated in the opinion of the court in the case of State v. Schmail, supra, in these words: "It is difficult to conceive of any fact in regard to an unlawful disposition of spirituous liquors,

the allegation of which would describe such offense with more certainty, and which could be made with greater brevity, or less practical inconvenience, than an allegation of the name of the person to whom the disposition was made, or, if his name be unknown, a description of him."

We hold that, the name of the person to whom the sale was made having been alleged in the indictment, it was not essential to its validity to allege the name of the person who made it. Nor was it necessary to allege in the indictment the manner in which the defendant permitted the sale of the poison. The allegation that he knowingly permitted it is the allegation of an ultimate fact. How he permitted it is a matter of evidence, which it was not necessary to plead. "Permit" is the word used in the statute to describe the offense, and the case falls, in this respect, within the general rule that it is enough to follow the statute. See, in this connection, the case of State v. Lavake, 26 Minn. 526, 6 N. W. 339, 37 Am. Rep. 415, in which it was held that, as to the mode of disposing of intoxicating liquors, it was sufficient to allege in the indictment that the defendant sold them.

The last objection to the indictment urged is that it does not sufficiently negative the vending of the poison in question by a registered pharmacist or assistant. This contention is based upon a construction of the statute, by defendant's counsel, so as to make it read as follows: "No registered pharmacist or other person shall permit the compounding or dispensing of prescriptions, or the vending of drugs, medicines or poisons in his place of business except *by a registered pharmacist or registered assistant or* under the supervision of a registered pharmacist."

Whether, if the statute so read, the claim of counsel would be correct, we need not consider, for the claimed construction is obviously not a permissible one. The clear import of the statute is, as claimed by the state, to the effect that it forbids the sale of poison, except under the supervision of a registered pharmacist or assistant, and makes it a crime for any registered pharmacist or other person to permit to be made, in his place of business, a sale in violation of the statute. If the poison was sold by a registered pharmacist or assistant, he would

necessarily personally supervise—that is, direct and control—the sale. The indictment sufficiently negatives the exception found in the statute.

We hold that the indictment states facts sufficient to constitute a public offense, and answer each of the questions certified in the affirmative.

Ordered that the case be and it is hereby remanded to the district court for further proceedings.