### WINSTON v. STATE.

Opinion delivered September 26, 1921.

INTOXICATING LIQUORS — MANUFACTURE OF WHISKEY — INSTRUCTION.—Under an indictment for manufacturing "whiskey", it was error to instruct the jury to find the defendant guilty if he manufactured any intoxicating liquor.

Appeal from Faulkner Circuit Court; *George W. Clark,* Judge; reversed.

The indictment charges the manufacture of whiskey. Proof of making choc beer is not sufficient. The words "commonly called whiskey" used in the indictment are descriptive of the offense charged. 129 Ark. 362, 364; 62 Ark. 459; 84 Ark. 285; 71 Ark. 415; 64 Ark. 188; 37 Ark. 408; 141 Ark. 276. One offense cannot be proved by evidence of another, unless the two are so related as to form a part of the same transaction. 91 Ark. 555; 88 Ark. 579; 39 Ark. 278; 100 Ark. 321; 62 Ark. 126.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. Evidence of other offenses or acts similar to the one charged in an indictment is competent for the purpose of showing knowledge, intent or design. 87 Ark. 17.

Where the defendant, testifying in his own behalf, is asked on cross-examination improper and incompetent questions to which he returns negative answers, no prejudice results to him. *Garrison* v. *State,* Ms. Op.

2. A general objection to several instructions will not be considered an appeal, if any of them was good. 105 Ark. 15; 73 Ark. 315; 75 Ark. 182; 76 Ark. 41; *Id.* 482; 78 Ark. 7; 86 Ark. 103.

3. Appellant's request for peremptory instruction was properly refused. The facts and circumstances prove the defendant guilty as charged. 135 Ark. 117; 136 Ark. 385.

WOOD, J. This is an appeal from a judgment of conviction on an indictment which charged that the appellant "unlawfully and feloniously did manufacture and unlawfully and feloniously was interested in the manufacturing of one pint of alcoholic, ardent, vinous and intoxicating spirits commonly called "whiskey." The appellant denied that he had manufactured any whiskey. There was testimony from which the jury might have found that the appellant had manufactured whiskey. There was also testimony from which the jury might have found that the appellant was engaged in the manufacture of "choc beer," and not whiskey.

The court gave one instruction which contained several independent propositions of law in separate paragraphs, but the paragraphs were not numbered. In one of the paragraphs the court instructed the jury in part as follows: "The material allegations in the indictment are, that the accused, within three years and in Faulkner County, Arkansas, before the return of this indictment, unlawfully and feloniously manufactured alcoholic, ar-

dent, vinous and intoxicating liquors. To this indictment, defendant pleads not guilty, and that casts the burden upon the State of proving same beyond a reasonable doubt. If you find from the evidence in this case that the defendant did manufacture any intoxicating liquor used and drunk as a beverage whether it contained one hundred per cent.· or one per cent. is immaterial under this statute; he would be guilty of violating this law.''

·    The appellant objected ''to each and every instruction given by the court on its own motion.'' The court overruled the objection, to which ruling the appellant excepted. The objection was not *en grosse,* but was to ''each'' instruction or declaration of law that the court gave. Although the several declarations of law were not separately numbered, yet each one of these declarations, which were independent and different in meaning, must be treated as a separate instruction. The term ''whiskey'' in the indictment was descriptive of the offense, and it was incumbent on the State to prove the charge of manufacturing ''whiskey'' as alleged. *Carleton* v. *State,* 129 Ark. 361,· and cases there cited. See, also, *Shuffield* v. *State,* 141 Ark. 276. But, under the instruction given by the court, the jury was authorized to find the appellant guilty if they found ·that he ''unlawfully and feloniously manufactured alcoholic, ardent, vinous and intoxicating liquors used and drunk as a beverage,'' whether such liquor was whiskey or not. In other words, the jury was authorized to find, and under the testimony may have found, that the appellant manufactured intoxicating liquor called ''choc beer'' to be used and drunk as a beverage. The instruction was erroneous.    ·

We do not discuss other assignments of error because they may not arise on another trial. For the error of the court as indicated, the judgment is reversed and the cause remanded for a new trial.