## STATE v. THERESA VIERING.[1]

November 9, 1928.

No. 26,866.

**No variance between proof and accusation for unlawful sale of liquor.**

1. An information charged the unlawful sale of "one pint of intoxicating liquor, commonly called moonshine alcohol," etc. The testimony showed the liquor to be "moonshine whisky." *Held* that the sale of intoxicating liquor was the gist of the action, and the difference between moonshine alcohol and moonshine whisky, as shown by the evidence in this case, was insufficient to constitute a variance between the accusation and the proof.

**Objection not available because not raised in trial court.**

2. Where such information does not allege the true name of the purchaser, the defendant cannot complain thereof in this court, having failed to raise the question in the lower court.

Criminal Law, 17 C. J. § 3330 p. 53 n. 90.
Intoxicating Liquors, 33 C. J. § 468 p. 740 n. 29.

Defendant was convicted in the district court for Douglas county of the crime of. selling intoxicating liquor, and appealed from the judgment, Parsons, J. entered pursuant thereto. Affirmed.

*Frank J. Zima,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Ralph S. Thornton,* County Attorney, for the state.

WILSON, C. J.

Defendant appealed from the judgment after being convicted of selling intoxicating liquor.

1. The information charges the unlawful sale of "one pint of intoxicating liquor, commonly called moonshine alcohol." The testimony described the liquor purchased as "moonshine whisky." The term "moonshine" merely characterizes the liquor as of secret origin,

[1]Reported in 221 N. W. 681.

a term formerly used to denote unlawful manufacture and by reason thereof presumably made at night. The claim is that there is a variance between the pleading and the proof.

The gist of the alleged offense is the sale of intoxicating liquor. Defendant is entitled to have the accusation made with such certainty that she will know what she has to meet and so that if convicted the record will support a plea in bar to another prosecution. The pleader might well have simply charged the sale of intoxicating liquor. The additional specifications were unnecessary. Some of the authorities hold that when unessential specifications are made they must be proved. However we need consider only the claim of variance.

It is sufficient if the proof agrees with the allegation in its substance and generic character without precise conformity in every particular. State v. Lautenschlager, 22 Minn. 514; 3 Dunnell, Minn. Dig. (2 ed.) § 4427. Many of the authorities cited by appellant show that some courts treat beer and whisky as not of the same generic character. It is interesting to note however that in many of these cases there was no general charge of selling intoxicating liquor but merely selling whisky. In such a case the pleader narrows the inquiry down to whisky. Yoather v. State, 5 Okl. Cr. 46, 113 P. 234; Winston v. State, 149 Ark. 606, 233 S. W. 770. In our case there is a general description of the offense preceding the unnecessary specification. It is enough that the evidence proves the crime alleged. State v. Goldstone, 144 Minn. 405, 175 N. W. 892. The technical distinction between "moonshine alcohol" and "moonshine whisky" cannot control since under the evidence in this case they have about the same amount of alcohol. Alcohol, though not in common parlance a spirituous liquor, is the basis of all spirituous liquors. Whisky and alcohol are distilled liquors. Whisky is usually made from various grains. Some of it is made by compounding alcohol with water, flavoring and coloring materials. Whisky without alcohol would be as useless as tobacco without nicotine. The liquor involved in the accusation contained 44.2 per cent alcohol, and a witness called it whisky. Another bottle which a third per-

son bought from defendant was put in evidence. It contained liquor testing 49.7 per cent alcohol, and the witness called it alcohol. These percentages show how nearly the two substances are alike. Our understanding is that the alcohol is what makes the liquor intoxicating.

Defendant sold intoxicating liquor, and such distinction as there may be between "moonshine alcohol" and "moonshine whisky" in a case of this character is immaterial. It really matters very little whether it was the one or the other. The important fact is that it was intoxicating liquor—heavily laden with alcohol. A variance that is not prejudicial is not important. A variance means a "difference," and it is available to a defendant only when the state's proof fails in its entire scope to meet the allegation, and it cannot consist of mere unimportant discrepancies but must relate to and consist of such substantial difference as to work an injustice upon the defendant. The difference here is in name and not in substance, and we think it is insufficient in law to constitute a variance. Indeed variance in legal parlance means a "material difference," which does not exist in this case.

2. The information alleges that the sale was made to George Russell. Upon the trial it developed that the purchaser was Paul Keachie, a detective employed by local authorities, working under the name of George Russell. Appellant now seeks relief on the ground that the true name of the purchaser was not alleged. It is sufficient to say that this question was not raised in the lower court, and it is not of such nature as to permit primary action on our part.

Affirmed.