## STATE v. MILTON SHANNON.[1]

April 19, 1929.

No. 27,285.

*H. H. Dunn* and *Ostrander & Fullerton,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Elmer R. Peterson,* County Attorney, for the state.

[1]Reported in 225 N. W. 20.

HILTON, J.

The defendant appeals from an order of the district court of Freeborn county denying his motion for a new trial.

Defendant was convicted of maintaining a liquor nuisance in the city of Albert Lea. Errors assigned raise two points: (1) That the indictment states no public offense and hence objections to the admission of any evidence should have been sustained; (2) that the verdict is not sustained by the evidence and is contrary thereto. Defendant properly protected his contentions by objections, exceptions, motions and requests.

■ The charging part of the indictment is as follows:

"Milton Shannon is accused by the grand jury of the county of Freeborn and state of Minnesota, by this indictment of the crime of keeping and maintaining a nuisance committed as follows:

"The said Milton Shannon, on the 12th day of May, 1928, at the city of Albert Lea, county of Freeborn and state of Minnesota, did then and there unlawfully, wilfully and wrongfully keep and maintain a nuisance at the premises known as the Shannon's Cigar Store in the west room of the C. R. Brundin building on East Main street in said city, in that then and there intoxicating liquor, potable as a beverage, to-wit: Four one-half pint bottles full of alcohol containing more than one-half of one per cent of alcohol by volume were kept and had for sale."

G. S. 1923 (1 Mason, 1927) § 3200, provides that a " 'nuisance' shall include the premises and every place where liquor in any quantity is manufactured or sold or kept or had for sale, or where any order therefor is taken, received or solicited contrary to the constitution or law of the state or of the United States."

It is stated in G. S. 1923 (1 Mason, 1927) § 3225, that any person who shall create, keep or maintain such a nuisance shall be guilty of a misdemeanor.

G. S. 1923 (1 Mason, 1927) § 3214, provides that "the finding of liquor, or any bar, bar fixture, or any vessel, jug, container or receptacle of any kind, * * * which is apparently designed or intended for use or used for or in or in connection with the manu-

facture or sale of intoxicating liquor, or for or in connection with such nuisance, or any violation of any provision or part of the constitution or law of this state or of the United States relating to intoxicating liquor, or any such premises, * * * shall * * * be prima facie evidence in any civil or criminal proceeding under this act, that such premises or place is a nuisance."

The indictment can hardly be said to be a model one; it might well have been drawn so as not to be subject to the specific attacks made upon it. G. S. 1923 (2 Mason, 1927) § 10647, contains certain requirements necessary for a sufficient indictment; among them is:

"That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case." State v. Stock, 169 Minn. 364, 211 N. W. 319; 3 Dunnell, Minn. Dig. (2 ed.) § 4360.

G. S. 1923, § 10648, as amended, 2 Mason Minn. St. id. provides that "no indictment shall be insufficient * * * by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." 3 Dunnell, Minn. Dig. (2 ed.) § 4365. Technical nicety in the use of words is not required. State v. Sharp, 121 Minn. 381, 141 N. W. 526.

One test of the sufficiency of an indictment is whether the accused will be protected from a second prosecution for the same offense. State v. Tracy, 82 Minn. 317, 84 N. W. 1015; State v. Schmail, 25 Minn. 368; State ex rel. O'Malley v. O'Connor, 38 Minn. 243, 36 N. W. 462; State v. Viering, 175 Minn. 475, 221 N. W. 681. A substantial conformation to the requirements of G. S. 1923 (2 Mason, 1927) §§ 10639 and 10641, as qualified by § 10647, is all that is required.

The first quoted portion of the indictment, being the so-called accusatory part thereof, is a mere statement that defendant is accused of the crime of keeping and maintaining a nuisance. It does not, standing alone, charge an offense. State v. Nelson, 79 Minn. 388, 82 N. W. 650. The next quoted portion however charges

that at the time and place stated the defendant did unlawfully, wilfully and wrongfully keep and maintain a nuisance at the premises (describing them) and then states what the nuisance was by alleging that in the place referred to intoxicating liquor, potable as a beverage (describing liquor banned by the statute) was kept and had for sale. The defendant claims that the indictment does not charge that the defendant was the owner of the building or a tenant therein or had any control thereof or dominion thereover. It was not necessary to charge that defendant was the owner of the building or a tenant thereof. If he maintained a liquor nuisance therein, an offense was committed by him. The indictment does sufficiently charge as to control and dominion for it states "that he did then and there * * * keep and maintain a nuisance at the premises." In order to "keep and maintain" something in a building one must exercise a certain amount of control and dominion. The indictment is further criticized because it does not charge that the defendant was the owner of the liquor or that he had it for sale or that he had any control or dominion over it. It matters not whether he owned it or whether he himself had it for sale or whether he exercised dominion and control over the liquor. Commonwealth v. Kimball, 105 Mass. 465; State v. Arsenault, 106 Me. 192, 76 A. 410.

In construing an indictment it will not do to dissect it and predicate attacks upon each portion by itself. Were this practice permissible, serious doubts could be raised as to the sufficiency of many valid indictments. Defendant surely knew from the indictment what he was charged with and against what he was required to defend. State v. Viering, 175 Minn. 475, 221 N. W. 681. The indictment must be taken as a whole and construed as such. State v. Stock, 169 Minn. 364, 211 N. W. 319. Adopting this course, we are satisfied that this indictment should be held substantially to comply with the requirements of the statute. State v. Bloomdale, 21 N. D. 77, 128 N. W. 682.

■ On May 12, 1928, the police of Albert Lea made a raid upon the premises described in the indictment, which premises were leased, occupied and used by defendant as a cigar store and soft

drink establishment. The room so occupied contained a counter or bar at which cigars and soft drinks were served. It also had in it a number of tables used by customers while drinking the beverages disposed of in the place and also in the playing of cards. The raiding party found, under one of the tables at which a number of patrons were playing cards, a half-pint bottle partly filled with diluted alcohol. In one corner of the room a place was partitioned off as a toilet. In this toilet, in a receptacle on a shelf, a half-pint bottle of clear alcohol was found and a number of similar empty bottles. In a coat hanging on a rack in the main room were found three other half-pint bottles full of alcohol.

An employe of defendant testified that on occasions empty bottles of the same kind were found in the room. Another employe testified that he had on occasions stopped persons from "spiking" near-beer with alcohol on the premises. It appeared that for a few days near the date mentioned the defendant had been in his place of business but infrequently and was not there at the time of the raid. The main witness for the defendant, admittedly a professional gambler and a person who had engaged in frequent violations of the intoxicating liquor law, testified that he was the person who brought the bottles of alcohol described in the indictment into the store and placed them where they were found and that he had two similar bottles with the same kind of contents in his pockets at the time. He was convicted for the offense of transporting alcohol (the two bottles found in his pocket) and served his sentence. At the time of the raid neither this witness nor anyone else in the room claimed ownership of any of the liquor. The improbability of the truth of the testimony of this witness was so strong that the jury was justified in not believing him. Other evidence and circumstances supported the position taken by the state.

We have carefully considered the evidence in its entirety and reach the conclusion that the jury was justified in finding the defendant guilty beyond a reasonable doubt.

Order affirmed.