**In the Matter of the WELFARE OF G.L.M.**

**No. C1–83–1611.**

Court of Appeals of Minnesota.

April 17, 1984.

Thomas W. Pugh, South St. Paul, for G.L.M.

Thomas Bibus, Hastings, for State.

Considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is an appeal by G.L.M. from an order of Dakota County District Court, Juvenile Division, determining that he committed the delinquent act of second-degree assault by assaulting another with a dangerous weapon but without inflicting great bodily harm, in violation of Minn.Stat. § 609.222 (1982). The issue on appeal is whether the evidence is sufficient to sustain the finding of delinquency. We affirm.

## Facts

The assault arose out of a fight between two West St. Paul youth gangs. The fight errupted when one group sought revenge for the beating of a younger brother of a group member. The beaten boy's brother and five others cruised the streets, without weapons, until they found the assailant's gang. A verbal exchange between the gangs started the showdown. G.L.M., a member of the assailant's gang, claims that after being hit by someone, he turned and struck his victim in the chest with a small metal object. Another member of G.L.M.'s gang stabbed a second victim.

Within three hours of the incident G.L.M. voluntarily admitted to police that he was involved in the gang fight and that he stabbed his victim in the chest with a small metal object which he found in a parking lot. He gave his statement after full *Miranda* warnings, and with his mother present at the police station.

G.L.M. could not describe his victim, and the victim could give only a scant description of his assailant.

The delinquency petition alleges that G.L.M. stabbed his victim in the chest with a metal object, but also alleges that the victim was wounded in the kidney. The petition also alleges that the other gang member stabbed his victim in the chest. It is undisputed that one victim suffered a collapsed lung as a result of a chest wound, and the other victim suffered from a wound near his kidneys as a result of the assault. Inconsistent with G.L.M.'s confession, the petition alleges that G.L.M.'s victim suffered injuries to his kidney area as a result of the assault.

## Issue

Is the evidence sufficient to sustain the finding of delinquency?

## Analysis

In juvenile delinquency proceedings the prosecution must prove beyond a reasonable doubt the truth of the petition. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

G.L.M. admitted being involved with the gang fight and to striking his victim with a weapon. Eyewitness testimony supports this confession. These are the elements of proof necessary to sustain the petition.

Although the petition was in error in the particulars regarding who inflicted what injury to what part of the body, it clearly alleges that G.L.M. committed the assault in one manner or another. There is no dispute that G.L.M. committed an assault with a weapon that resulted in injury to one of the two victims in either that victim's side or chest.

On appeal the sufficiency of the evidence is viewed in a light most favorable to the prosecution. *In the Matter of the Welfare of M.D.S.*, 345 N.W.2d 723 at 727 (Minn. 1984). The evidence proves beyond a reasonable doubt that G.L.M. committed second-degree assault.

We affirm.