In the Matter of the
WELFARE OF T.M.V.

No. C1–84–2185.

Court of Appeals of Minnesota.

June 4, 1985.

William R. Kennedy, Hennepin County Public Defender, David M. Duffy, John M. Stuart, Asst. County Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Juvenile defendant T.M.V. was charged with criminally causing less than $300 damage to property. T.M.V. appeals from an adjudication of his delinquency based upon that charge. We affirm.

## FACTS

On July 27, 1984 appellant T.M.V. and two other male residents of the Hennepin County Juvenile Detention Center barricaded themselves in a room. Through a window a detention center employee observed the three boys sitting on the floor with their backs against the door. They were smoking cigarettes and holding the door shut by bracing their feet against a bed. According to the employee, the room did not appear vandalized at that time.

Roughly two and a half hours later another staff member observed the three boys still seated on the floor smoking cigarettes. This time they had their backs against the bed. The employee saw a light fixture which had been removed from the wall, a mattress shredded into pieces and water all about. That staff member summoned additional staff and entered the room without using force. T.M.V., standing atop the bed frame and holding the light fixture over his shoulder, greeted the staff member saying "Don't come near me or I'll hit you."

Sergeant Miltz of the Minneapolis Police Department investigated the incident and interviewed T.M.V. When Miltz advised T.M.V. of his *Miranda* rights, T.M.V. indicated he did not want to talk. Miltz immediately terminated the interview. Miltz, however, later overheard T.M.V. talking to a detention center employee saying that the staff was stupid when it failed to do anything while the three were barricaded in the room.

## ISSUES

1. Did T.M.V. receive sufficient notice of the charges against him in the petition?

2. Does elicitation of testimony that T.M.V. chose to remain silent following the *Miranda* advisory constitute harmless error?

3. Does the evidence support the court's decision that T.M.V. criminally caused less than $300 in damages to property?

## ANALYSIS

*1. Sufficiency of the petition*

T.M.V. contends that the petition gave him inadequate notice of the property which he was accused of damaging. The petition describes the property damaged only as "physical property." The petition describes the place and time with specificity.

■ The judicial requirement of specificity in charges serves two purposes. First, it allows the defendant to prepare a defense. *In re Welfare of Raino,* 255 N.W.2d 398, 400 (Minn.1977). Second, it diminishes the risk that a person may be placed in double jeopardy. *State v. Nelson,* 74 Minn. 409, 414, 77 N.W. 223, 225 (1898).

■ The standard for determining whether a conviction should be overturned on the first ground is that the vagueness placed a "prohibitive burden" upon the defendant in preparing his defense. *State v. Jannetta,* 355 N.W.2d 189, 194 (Minn.Ct. App.1984). While the petition's description of the damaged property is vague, T.M.V. has failed to identify any burdens that the vagueness caused him. Only two objects were damaged, both in the same period of time and in the presence of the same three people. The petition describes those people, the place and the time. It is not evident what burden any confusion on the identity of the property may have caused.

■ The vagueness in the petition also creates no risk of double jeopardy. The identity of time, place and participants shows a single behavioral incident to which the rule of double jeopardy clearly applies. *See* Minn.Stat. § 609.035 (1984); *State v. Zimmerman,* 352 N.W.2d 452, 454 (Minn. Ct.App.1984).

### 2. Right to remain silent

■ T.M.V. alleges that the elicitation of Sergeant Miltz's testimony that he invoked his right to remain silent requires this court to reverse the adjudication of delinquency. Introduction of testimony that a party chose to remain silent is reversible error unless this court finds beyond a reasonable doubt that the error was harmless. *State v. Vance,* 254 N.W.2d 353, 359 (Minn.1977). T.M.V. relies upon two cases in which the supreme court reversed convictions on this ground. *State v. Underwood,* 281 N.W.2d 337, 342–44 (Minn.1979); *State v. Beck,* 289 Minn. 287, 292–93, 183 N.W.2d 781, 783–84 (1971). The trials in both those cases, however,

were to a jury. In this case the matter was tried to a court that recognized the impropriety of the elicitation and struck it from the record, commenting that T.M.V.'s refusal was reasonable. The prosecution's elicitation was apparently made in good faith to establish what it thought was needed foundation for other testimony. We are satisfied beyond a reasonable doubt that this error was harmless.

### 3. Sufficiency of the evidence

■ T.M.V. asserts that the facts presented against him do not prove his guilt beyond a reasonable doubt. The trial court determined that T.M.V. violated Minn.Stat. §§ 609.595, subd. 2 and 609.05 (1982).

On appeal T.M.V. has the burden of showing that the trier of fact could not reasonably find he committed the charged acts. *State v. Strimling,* 265 N.W.2d 423, 428–29 (Minn.1978). The evidence upon which the court based its finding includes testimony that T.M.V. helped barricade the door, and that he threatened another witness while holding damaged property. The evidence conclusively placed him in the room where the destruction took place at the time it occurred. We find no persuasive similarity between this case and T.M.V.'s authority, *State v. Ulvinen,* 313 N.W.2d 425, 428 (Minn.1981) (reversing a conviction for aiding and abetting a murder).

### DECISION

Any defect in the petition caused no harm to appellant. Testimony that appellant exercised his right to remain silent also did not prejudice appellant. The evidence was sufficient to establish that appellant violated Minn.Stat. § 609.595, subd. 2 and 609.05.

Affirmed.