**STATE of Minnesota, Respondent,**

v.

**Scott Chris EWALD, Appellant.**

**No. C6–85–457.**

Court of Appeals of Minnesota.

Aug. 27, 1985.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, William H. Dolan, Meeker County Atty., Litchfield, for respondent.

Robert D. Schaps, Litchfield, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant Scott Ewald was charged by a complaint which stated:

> Your complainant is a duly licensed peace officer in the State of Minnesota and employed by the Meeker County Sheriff's Department, Litchfield, Minnesota. That on October 20, 1983 Gary Bischof, * * * Cologne, Minnesota, met with your complainant to discuss his attempts to title a 1974 Ford pickup truck which he had purchased from **SCOTT EWALD.** Bischof told your complainant he had put $400.00 down toward the truck's $800.00 purchase price on September 20, 1983. Bischof paid the remaining $400.00 on September 24, 1983 and **EWALD** gave him a receipt. Subsequently, when Bischof attempted to title this pickup truck, he learned that Community Credit, 1151 West Larpenteur, St. Paul had a lien in excess of $900.00 against the truck and was holding the title. Your complainant contacted Community Credit and learned that **SCOTT EWALD** had pledged the 1974 Ford pickup truck and a 1974 Oldsmobile as collateral for a loan for $4,140.00 on January 4, 1978. Your complainant was told **EWALD's** note was in default and Community Credit had received no payments since May 7, 1980.

### COUNT I

The above facts constitute your complainant's basis for believing that the above-named defendant on the 24th day of September, 1983 in the Township of Forest City in the above-named county

committed the following described offense:

CHARGE: Defeating Security on Personalty

SECTION: Minn.Stat. § 609.62, Subd. 2(1)

MAXIMUM SENTENCE: 2 Years Imprisonment and a $4,000 fine

**SCOTT C. EWALD** did wrongfully, unlawfully, illegally and feloniously, transfer personal property, viz., a 1974 Ford pickup truck with knowledge that another had a security interest in said vehicle.

At the omnibus hearing, appellant's motion to dismiss the complaint on procedural irregularities was denied. Before trial, defense counsel, the prosecutor and the judge discussed the fact that intent to defraud is an essential element of the case. The jury was instructed on the intent element, and appellant was convicted of defeating security on personalty under Minn.Stat. § 609.62, subd. 2(1) (1984). Appellant claims the complaint was prejudicially insufficient.

## DECISION

The complaint here was sufficient. The essential facts constituting the offense were stated. The fact that the complaint did not recite the element of "intent to defraud" is insignificant. Appellant was fairly informed of the charges and it was clear what the State contended. *See State v. DeFoe*, 280 N.W.2d 38, 40 (Minn. 1979); *State v. Shannon*, 177 Minn. 278, 280–81, 225 N.W. 20, 20–21 (1929).

In any event, appellant has not demonstrated any prejudice from the omission of the language on intent. *See State v. Pratt*, 277 Minn. 363, 366–68, 152 N.W.2d 510, 513–14 (1967); *State v. Hagen*, 361 N.W.2d 407, 413 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Apr. 18, 1985); Minn.R. Crim.P. 17.06, subd. 1. Appellant was aware of the intent element before trial, and his conviction was based on jury instructions reflecting this requirement. Appellant does not challenge the sufficiency of the evidence of his conviction. Appellant did not suffer a "prohibitive burden" in preparing his defense. *See In re Wel-*

*fare of T.M.V.*, 368 N.W.2d 421, 423 (Minn. Ct.App.1985). Further, there is no risk that appellant may be placed in double jeopardy. We affirm appellant's conviction.

Affirmed.