653 N.W.2d 207 (2002)
In the Matter of the Welfare of J.R.M., Child.
No. C9-02-474.
Court of Appeals of Minnesota.
November 19, 2002.
*209 John M. Stuart, State Public Defender, Charlann E. Winking, Assistant Public Defender, Minneapolis, MN, for appellant J.R.M.
Mike Hatch, Attorney General, St. Paul, MN; and Ken Kohler, Nobles County Attorney, Kathleen A. Kusz, Assistant County Attorney, Worthington, MN, for respondent.
Considered and decided by TOUSSAINT, Chief Judge, KALITOWSKI, Judge, and HALBROOKS, Judge.

OPINION
KALITOWSKI, Judge.
Appellant J.R.M. challenges (1) the sufficiency of the evidence to support his adjudication for the charge of possession of a small amount of marijuana, and (2) the district court's disposition order that required appellant to undergo inpatient treatment.

FACTS
On October 8, 2001, Paul Karelis, a teacher at Worthington High School, looked out his window and saw three boys smoking across the street. The boys were 75 feet away so he could not identify what they were smoking, but because they were holding the object between their pinched fingers, Karelis did not think it was a tobacco cigarette. Moreover, Karelis saw two of the boys pass the object between them. Appellant was one of those boys. After witnessing this, Karelis called Shane Laffen, the assistant principal.
When Laffen arrived, the boys were putting things in their pockets. Laffen did not see them smoking. Laffen went outside and met the boys as they were headed into the school. He had all three boys go to his office. There they waited for Bob Fritz, the school liaison police officer. Laffen thought the boys smelled of marijuana.
After Officer Fritz arrived, Laffen asked the boys to empty their pockets. A lighter was found in one boy's pocket. The boys were then asked to remove their shoes. No contraband was found on appellant, but a substance wrapped in a piece of paper was found in one of the other boy's shoes. Both Laffen and Officer Fritz described the substance as a "joint." No laboratory tests were done on the substance found in the shoe, but based on his past experience, Officer Fritz thought the smell and appearance of the substance was consistent with marijuana. Moreover, Officer Fritz noticed that the boys smelled of marijuana and had bloodshot, watery eyes. Finally, two of the boys, including appellant, admitted to smoking marijuana.
The district court held an adjudication hearing on January 15, 2002. Based on the evidence presented at the hearing, appellant was adjudicated for possession of a small amount of marijuana. Following the adjudication hearing, the district court held a dispositional hearing. The predispositional investigation submitted to the district court summarized appellant's record and contained two entries involving controlled substances. The disposition for the first entry was characterized as a "diversion." *210 Based on the information gathered from both the predispositional investigation and the hearing, the district court concluded that appellant had two prior controlled substance offenses and the court ordered appellant to complete an inpatient treatment program.

ISSUES
1. Did sufficient evidence exist to support appellant's adjudication for possession of a small amount of marijuana?
2. Does a "pretrial diversion" count as "an admission in court or after trial" such that a "pretrial diversion" can be used by the district court as one of the three or more required controlled substance offenses needed before a court may order a child to undergo inpatient treatment?

ANALYSIS

I.
In a juvenile delinquency proceeding, the prosecution must prove the petition beyond a reasonable doubt. In re Welfare of G.L.M., 347 N.W.2d 84, 85 (Minn.App.1984). When reviewing a sufficiency of the evidence claim, this court carefully reviews whether the record and any legitimate inferences drawn from it reasonably support the fact-finder's conclusion that the defendant committed the offense charged. State v. Ulvinen, 313 N.W.2d 425, 428 (Minn.1981); see also In re Welfare of S.A.M., 570 N.W.2d 162, 167 (Minn.App.1997) (applying same standard to juvenile cases). Where the facts and legitimate inferences drawn from the facts could reasonably lead the fact-finder to conclude that a defendant has committed the offense, the conviction should not be disturbed. State v. Ring, 554 N.W.2d 758, 760 (Minn.App.1996).
On appeal, the sufficiency of the evidence is viewed in a light most favorable to the state. G.L.M., 347 N.W.2d at 85. This court assumes the trier of fact believed the state's witnesses and disbelieved any contradictory evidence. State v. Parker, 353 N.W.2d 122, 127 (Minn.1984). Accordingly, an appellant has the burden of showing that the trier of fact could not reasonably find the appellant committed the charged acts. In re Welfare of T.M.V., 368 N.W.2d 421, 423 (Minn.App.1985).
There are no set minimum evidentiary requirements in substance identification cases. State v. Vail, 274 N.W.2d 127, 134 (Minn.1979). The sufficiency of the evidence is examined on a case-by-case basis. Id. Circumstantial evidence is entitled to as much weight as other evidence. State v. Bauer, 598 N.W.2d 352, 370 (Minn. 1999). The circumstantial evidence must form a complete chain that, in view of the evidence as a whole, leads so directly to the guilt of the defendant as to exclude beyond a reasonable doubt any reasonable inference other than guilt. State v. Jones, 516 N.W.2d 545, 549 (Minn.1994). A fact-finder is in the best position to evaluate circumstantial evidence, and its decision is entitled to due deference. State v. Webb, 440 N.W.2d 426, 430 (Minn.1989).
Appellant argues that the state's failure to conduct any laboratory tests on the substance in question requires us to reverse appellant's adjudication. We disagree. Appellant cites no authority requiring that a petty misdemeanor possession of a small amount of marijuana be supported by laboratory tests. And we conclude that there is sufficient evidence to establish that appellant possessed marijuana. A witness saw appellant smoking a substance and passing the substance around between pinched fingers. Further, a substance that smelled like marijuana was found in one of the boy's shoes. The assistant principal and liaison officer testified *211 at the adjudication hearing and described the substance as a "joint." Moreover, the officer testified that appellant smelled of marijuana and that appellant's eyes were bloodshot and watery. Finally, both the assistant principal and liaison officer testified that appellant admitted to smoking marijuana. Thus, the circumstantial evidence, coupled with appellant's admission, is sufficient to establish that appellant at one point recently possessed the substance found in the shoe and that this substance was marijuana.

II.
Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. O'Malley v. Ulland Bros., 549 N.W.2d 889, 892 (Minn. 1996).
Initially, we note that appellant has already completed his inpatient treatment so there is no relief that may be granted to him. But given the time frame for appeals, it would be difficult for parties to complete the appeal process prior to a child completing a short-term inpatient program. And since this is an issue capable of repetition yet evading review, we address the issue despite the fact that it is moot as to appellant. See In re McCaskill, 603 N.W.2d 326, 328 (Minn.1999).
Because one of appellant's two prior controlled substance offenses resulted in a diversion, appellant did not qualify for inpatient treatment. Minn.Stat. § 260B.235, subd. 6 (2000), requires
a third or subsequent finding by the court pursuant to an admission in court or after trial that a child has committed a * * * controlled substance offense
before a court may order a child to participate in an inpatient treatment program. But a child who has agreed to a pretrial diversion has not admitted in court or been found after trial to have committed a controlled substance offense. Rather, pretrial diversion is defined as
the decision of a prosecutor to refer an offender to a diversion program on condition that the delinquency petition against the offender will be dismissed or the petition will not be filed after a specified period of time if the offender successfully completes the program.
Minn.Stat. § 388.24, subd. 1(2) (2000). Therefore a diversion involves a deal between the prosecutor and the offender where the prosecutor either dismisses the charges or does not bring any charges on the condition that the offender successfully completes a diversion program. This type of agreement does not require an offender to admit in court or after trial to a controlled substance offense. In fact, a primary purpose of the "pretrial diversion" program is to avoid court and a trial altogether.
Thus, the district court erred in ordering appellant to participate in an inpatient program. The predispositional investigation conducted on appellant revealed only two controlled substance entries for his prior record, and one of those entries was characterized as a diversion. Because appellant's adjudication in this case would have been only appellant's second "admission in court or [finding] after trial" of a controlled substance offense, the district court was not authorized to order inpatient treatment.

DECISION
Sufficient evidence existed to support appellant's adjudication for possession of a small amount of marijuana. But the district court erred in ordering appellant to participate in an inpatient treatment program because appellant's prior diversion should not have counted as one of the *212 three required controlled substance offenses needed before a court may order a child to undergo inpatient treatment.
Affirmed in part and reversed in part.