*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0279**

In the Matter of the Welfare of: G. A. H., Child

**Filed August 18, 2014
Affirmed
Bjorkman, Judge**

Clearwater County District Court
File No. 15-JV-13-491

Cathryn Middlebrook, Chief Appellate Public Defender, Susan Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Richard C. Mollin, Clearwater County Attorney, Matt Headley, Assistant County Attorney, Bagley, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the sufficiency of the evidence supporting his delinquency adjudication for fifth-degree assault. Because the circumstances proved are inconsistent with any rational hypothesis except that of guilt, we affirm.

**FACTS**

On October 4, 2013, appellant G.A.H. was asked to retrieve his brother from class at Bagley High School. After doing so, he and his brother made gestures to students inside another classroom. The supervising teacher, D.L., went into the hallway and asked what G.A.H. and his brother were doing. G.A.H. replied that it was "none of [D.L.'s] business" and then told D.L. that he was going to punch him in the face. D.L. escorted G.A.H. and his brother to the principal's office.

G.A.H. was charged with fifth-degree assault. Following a bench trial, the district court adjudicated G.A.H. delinquent and placed him on probation. This appeal follows.

**D E C I S I O N**

G.A.H. argues that the evidence is insufficient to support his delinquency adjudication because the state failed to prove beyond a reasonable doubt that he intended to frighten D.L. We assess the sufficiency of the evidence by determining whether the facts in the record and the legitimate inferences drawn from those facts reasonably support the fact-finder's conclusion that the defendant committed the charged offense. *In re Welfare of J.R.M.*, 653 N.W.2d 207, 210 (Minn. App. 2002). The fact-finder is to determine the credibility and weight given to the testimony of each witness. *In re Welfare of S.A.M.*, 570 N.W.2d 162, 167 (Minn. App. 1997). We "must assume that the fact-finder believed the state's witnesses and disbelieved any contrary evidence." *In re Welfare of T.N.Y.*, 632 N.W.2d 765, 768 (Minn. App. 2001). The same standard applies to bench and jury trials. *In re Welfare of M.E.M.*, 674 N.W.2d 208, 215 (Minn. App. 2004).

A defendant commits fifth-degree assault when he "commits an act with intent to cause fear in another of immediate bodily harm or death." Minn. Stat. § 609.224, subd. 1(1) (2012). Intent is generally proved through circumstantial evidence. *State v. Smith*, 825 N.W.2d 131, 136 (Minn. App. 2012), *review denied* (Minn. Mar. 19, 2013). "In circumstantial evidence cases, the circumstances proved must be consistent with guilt and inconsistent with any rational hypothesis except that of guilt." *State v. Hawes,* 801 N.W.2d 659, 668 (Minn. 2011) (quotation omitted). When reviewing the sufficiency of circumstantial evidence, we first identify the circumstances proved, *Smith*, 825 N.W.2d at 137, and then "examine independently the reasonableness of all inferences that might be drawn from the circumstances proved, including inferences consistent with rational hypotheses other than guilt," *State v. Al–Naseer,* 788 N.W.2d 469, 473-74 (Minn. 2010).

The state proved the following circumstances: G.A.H. made gestures at students in D.L.'s classroom; when D.L. confronted him, G.A.H. said that it was none of his business why G.A.H. and his brother were in the hallway; while standing six to eight feet away, G.A.H. told D.L. that he was going to punch him in the face; G.A.H. did not smile or appear to be joking; and D.L. felt threatened and can tell from prior experience "when kids are kidding around." It is reasonable to infer from these circumstances that G.A.H. intended to cause fear when he threatened to punch D.L. G.A.H. was belligerent throughout the encounter and did not want to cooperate with D.L.'s show of authority.

G.A.H. argues that the evidence is insufficient to prove guilt, citing his own testimony that he threatened to punch D.L. in response to D.L.'s statement that "[You're] gonna be finding [your] head." But in identifying the circumstances proved, we consider

3

only the circumstances consistent with the verdict. *Hawes,* 801 N.W.2d at 670. D.L. testified that he does not recall making such a statement to G.A.H. Other than G.A.H.'s testimony, which the district court did not credit, there is no evidence to support the hypothesis that G.A.H. was afraid of D.L. or that he threatened to punch him as some form of self-defense. And G.A.H. admitted in a separate probation-violation hearing that his statement about punching D.L. in the face constitutes assaultive behavior.[1] On this record, we conclude that the circumstances proved are inconsistent with any rational hypothesis except that of guilt.

G.A.H. also asserts that the district court clearly erred by finding that G.A.H. also threatened to "'take off [D.L.'s] head.'" We agree the record does not contain any evidence to support that finding. But the error is harmless because the circumstances proved with respect to G.A.H.'s threat to punch D.L. in the face are consistent with guilt and inconsistent with any rational hypothesis except that of guilt. Accordingly, sufficient evidence supports G.A.H.'s fifth-degree assault adjudication regardless of whether G.A.H. made additional threatening statements.

**Affirmed.**

---

[1] The state presented the transcript of the probation-violation hearing as evidence in this case.