STATE v. PATRICK ANGELO SCALZO.

147 N. W. (2d) 926.

January 6, 1967—No. 40,194.

*David J. Larson,* for appellant.

*Robert W. Mattson,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, having been found guilty of assault in the second degree,[1] appeals from his conviction.

■ On August 15, 1963, the complaining witness, Guy Lillemoe, was leaving his place of business at 1804 East Lake Street, Minneapolis, when he was accosted by a stranger who demanded his money and threatened his life. Mr. Lillemoe, who was then behind the wheel of his automobile, threw up his arm to ward off the bandit and sped away from the scene. As he did so, the bandit's gun was fired, wounding Lillemoe under the left arm.

Some 20 months later Lillemoe appeared at a police lineup and identified defendant as the person who attempted to rob him. Since the area was dark and the victim could base his identification only on the size and complexion of the bandit, the principal issue at defendant's trial was one of identity. There was corroborating evidence given by an accomplice which implicated defendant. Admissions alleged to have been made to the police after defendant's apprehension were also introduced.

Two issues are raised on appeal. Both are without merit. In impeaching defendant's claim that he had been convicted of only one previous crime, the state introduced evidence that he had in addition been found guilty of assault in the third degree. While defendant asserts that this was an ordinance violation and hence not admissible,[2] the records of the sentencing court conclusively disclose that the charge was brought and conviction had under the statute.

■ Defendant also complains of the court's failure to permit the jury to find defendant guilty of assault in the third degree as a lesser included offense. However, there was neither a request for such an instruction nor an exception to the court's failure to give it. At best there is a statement by counsel that he was willing to plead the defendant guilty to assault in the third degree and his observation that at the appropriate time he would be entitled to a charge on that offense. Since he failed to raise the question in a timely manner, we hold that defendant has waived any right he might have had to such an instruction.[3] In any event, the evidence was conclusive that

---

[1] Minn. St. 1961, § 619.38, superseded by Minn. St. 609.225.

[2] Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413.

[3] State v. Jordan, 272 Minn. 84, 136 N. W. (2d) 601; State v. Beaudette,

the victim was wounded by the firing of a loaded gun during the commission of a felony. Hence it was manifestly proper not to submit anything less than assault in the second degree. State v. Damuth, 135 Minn. 76, 79, 160 N. W. 196, 198.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.

168 Minn. 444, 210 N. W. 286; State v. Gaularpp, 144 Minn. 86, 174 N. W. 445.