## STATE v. MICHAEL L. PRATT.

152 N. W. (2d) 510.

August 4, 1967—No. 40,519.

*Eustice, Price & Dunlap, Robert Dunlap,* and *Richard Towey,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Solicitor General, and *David C. Weinberg,* Special Assistant Attorney General, for respondent.

ROGOSHESKE, JUSTICE.

Defendant, aged 19, pled guilty to an information alleging that he—

"* * * did wilfully, * * * unlawfully, * * * and intentionally cause damage to the physical property of another, to-wit: The dwelling house owned by one * * * Trygstad, and occupied by one * * * Borgstrom, * * * by then * * * firing a loaded firearm with live ammunition * * * at and near the said dwelling house, and * * * [he] did then and there shoot the firearm with live ammunition into said dwelling house knowing that the damage to said physical property *could cause* a reasonable foreseeable risk of bodily harm to persons in said dwelling house, all without the consent of * * * Trygstad, and * * * Borgstrom, contrary to the form of the statute * * *, the same being Section 609.595, said acts constituting a felony * * *." (Italics supplied.)

Minn. St. 609.595 provides:

"Subdivision 1. Whoever intentionally causes damage to physical property of another without the latter's consent may be sentenced to imprisonment for not more than five years * * * if:

"(1) The damage to the property *caused* a reasonably foreseeable risk of bodily harm; or [1]

\* \* \* \* \*

"Subd. 2. Whoever intentionally so causes such damage under any other circumstances may be sentenced to imprisonment for not more than 90 days or to payment of a fine of not more than $100." (Italics supplied.)

Upon defendant's tender of his plea, and following a comprehensive examination by the trial court disclosing defendant's understanding of the nature of the charge and the probable consequences of his plea, the court adjudged defendant guilty and sentenced him to the custody of the Youth Conservation Commission for a maximum period of 5 years.

On appeal from the judgment, defendant's sole contention is that the information did not charge a felony but only a misdemeanor. Defendant points out that the information does not allege that his acts "*caused* a reasonably foreseeable risk of bodily harm," but only that such acts "*could cause* a reasonable foreseeable risk of bodily harm." Because, he argues, the statute by the use of the word "caused" imports "acts already done" and the allegation "could cause" used in the information merely means "to be able to cause," the wording of the statute and the information convey two different meanings and a fatal defi-

---

[1] Minn. St. 609.595, subd. 1, also provides: "(2) The property damaged belongs to a public utility or a common carrier and the damage impairs the service to the public rendered by them; or

"(3) The damage reduces the value of the property by more than $100 measured by the cost of repair or replacement, whichever is less."

The Advisory Committee Comment on this section, 40 M. S. A. p. 544, states: "It is believed that the gravity of the crime should turn upon the extent of the property damaged. * * *

"Accordingly, the crime has been divided into two categories. Severity of punishment depends in part on the extent of the damage caused or on risk of death or bodily injury."

ciency results. In short, it is claimed that the information omits one of the essential elements required to be alleged before the offense charged can constitute a felony. Therefore, defendant urges, the facts alleged in the information do not constitute a violation of subd. 1 of the statute but only a violation of subd. 2, a misdemeanor, and his conviction and sentence for a felony should be vacated and corrected to a conviction of a misdemeanor and a sentence accordingly, following the procedure in State v. Kaufman, 172 Minn. 139, 214 N. W. 785.

The state contends that, both in fact and law, the information alleged a felony and that the proceedings resulting in defendant's conviction make clear that defendant was fully apprised before his plea was accepted that the crime charged was a felony.

The public policy of this state is to free criminal pleading from the pitfalls that resulted from the formalities and technicalities of common-law pleading.[2] An information alleging a statutory offense is sufficient if the language used spells out all essential elements in a manner which has substantially the same meaning as the statutory definition.[3] Moreover, where the complaint that an information is fatally defective is raised for the first time on appeal, the information will be interpreted so as to uphold its validity whenever this is reasonably possible.[4]

Concededly, this information does not mirror the statutory language, and it is arguable that defendant at the outset of the proceedings could have been misled. It is likely that, had a timely objection been made at the trial indicating a doubt as to the charge, a clarifying amendment might have been provoked. But, considering this information in its entirety, we are persuaded that it can be reasonably interpreted to have substantially the same meaning as the statute.[5] Applying well-settled rules for testing the sufficiency of an information,[6] we are of the opinion

---

[2] State v. Bolsinger, 221 Minn. 154, 21 N. W. (2d) 480.

[3] 42 C. J. S., Indictments and Informations, § 139(a). See, 9 Dunnell, Dig. (3 ed.) §§ 4377 and 4379.

[4] State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178.

[5] This conclusion distinguishes this situation from that in State v. Oman, 265 Minn. 277, 121 N. W. (2d) 616.

[6] Fully discussed in State v. Clark, 270 Minn. 538, 134 N. W. (2d) 857.

that it does allege the constituent elements of the statutory offense clearly intended to be charged. The failure to allege that the damage caused a risk of bodily harm is not a fatal deficiency when elsewhere allegations of the facts of shooting a loaded firearm into an occupied dwelling reasonably imply an inflexible relationship between the act and the risk as a matter of law. We conclude that defect can be regarded as a mere irregularity.

To be sure, an objection to an information requires the closest scrutiny to safeguard the due process rights of an accused to be adequately apprised of the charge made against him in order that he may prepare his defense, as well as to insure against jurisdictional defects. Where, as here, the objection is made after conviction without the prosecution being afforded an opportunity to clarify or correct the charge, the governing rule not only requires an examination of the information to determine if all the essential elements are sufficiently alleged, but also a review of the record as a whole to ascertain if the variance in language between the information and statute misled the defendant to his prejudice. The governing rule applied in a series of recent cases is that a conviction after a fair trial or a plea of guilty will not be invalidated unless the defect or imperfection in the information is of such a nature that it misled the defendant as to the nature of the offense charged to the prejudice of his substantial rights.[7] This rule embodies the policy expressed in Minn. St. 628.19.[8] It is based upon the harmless-error doctrine—and its reciprocal requirement that prejudice be shown—the application of which necessarily varies from case to case depending on the degree to which any defect in the charge or proceeding violates basic concepts of fairness.

---

[7] State v. Clark, *supra;* State v. Lehn, 270 Minn. 503, 134 N. W. (2d) 329; State v. Owens, 268 Minn. 321, 129 N. W. (2d) 284; State v. Clark, 268 Minn. 429, 131 N. W. (2d) 204; State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N. W. (2d) 600.

[8] "No indictment shall be insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. * * *"

The record in this case compels the conclusion that neither defendant nor his counsel were in any way misled by the wording of the information. Counsel was appointed and represented defendant at a preliminary hearing and throughout the proceedings resulting in his conviction. The complaint upon which he was arrested, the preliminary hearing, the bind-over, his application to plead guilty, and the information all specified that the offense charged was a violation of § 609.595, subd. 1(1), a felony. During defendant's arraignment in district court in response to his application and request to plead guilty and before his plea was accepted, the court followed the commendable practice of addressing defendant personally [9] and by extensive interrogation determined defendant's understanding of the charge against him, the probable consequences of his plea, his fundamental rights, the adequacy of his legal representation, and that his plea was voluntary. The record can lead to no other conclusion but that defendant, before he was adjudged guilty, was fully aware and understood that the statutory offense charged was a felony and that the maximum possible sentence could be 5 years' imprisonment, and that he freely admitted committing all of the acts constituting the offense of aggravated criminal damage to property. There simply is not the slightest suggestion in the record that defendant or his counsel was misled by the contested allegation or that the charge was viewed otherwise than from the standpoint of the acts alleged rather than the statute violated. Also the procedure followed was that necessarily required for a felony offense.

Until this appeal, there was no claim that the information was deficient in failing to set forth one of the constituent elements of the statute. After the plea was accepted and a presentence report received defendant appeared for sentencing, acknowledging that he had previously appeared on January 17, 1966, and that he was charged with the same offense as his companion, who had just been sentenced in his presence. The following occurred:

---

[9] See Standards Relating to Pleas of Guilty, recommended by the Advisory Committee on the Criminal Trial, American Bar Association Project on Minimum Standards for Criminal Justice, tentative draft, § 1.4, February 1967.

"The Court: And on that date you pled guilty to an information charging you with the crime of damage to physical property which could cause a reasonably foreseeable risk of bodily harm to persons in the dwelling house, right?

"Defendant: Yes.

"The Court: And you pled guilty to that?

"Defendant: Yes.

"The Court: And that was a felony charge?

"Defendant: Yes.

"The Court: It was a charge in which the maximum penalty would be five years in prison, right?

"Defendant: Yes.

\* \* \* \* \*

"The Court: All right. Now do you want to stand on your plea of guilty or do you wish to change that today?

"Defendant: I will stand on it."

We hold that the information alleged the constituent elements of the offense and that, viewing the record as a whole, the defect was not such as to mislead defendant to his prejudice as to the nature of the offense charged.

Affirmed.