STATE v. LARRY ROBERT DUNBAR

207 N. W. 2d 289.

April 27, 1973—No. 43321.

*C. Paul Jones,* State Public Defender, and *Steven Z. Lange* and *Emanuel Z. Kopstein,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Peter W. Sipkins,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Schultz, JJ.

PER CURIAM.

Defendant appeals from his conviction for unauthorized use of a motor vehicle in violation of Minn. St. 609.55.[1] He challenges the validity of the information and objects to the form of the court's instructions.

After receiving a report of a stolen car, a Bemidji police officer in the early hours of January 25, 1971, observed the described automobile being driven near the city limits. He gave chase and apprehended defendant while he was fleeing from the vehicle.

Defendant was charged under the following information:

"I, Douglas W. Cann, County Attorney for said County, hereby inform the Court that on or about the 25th day of January in the year 1971, at said County Larry Robert Dunbar did intentionally *take and/or drive* a motor vehicle, to-wit: a 1960 four door Chevrolet automobile, Minnesota license number 7CC 776, without the consent of the owner thereof, to-wit: Donald Burnham, or his authorized agent, contrary to the form of the statute in such case made and provided, the same being Section 609.55, said acts constituting the crime of unauthorized use of

---

[1] Minn. St. 609.55, subd. 2, provides: "Whoever intentionally takes or drives a motor vehicle without the consent of the owner or his authorized agent may be sentenced to imprisonment for not more than three years or to payment of a fine of not more than $3,000, or both."

a motor vehicle and against the peace and dignity of the State of Minnesota." (Italics supplied.)

He pled not guilty and was convicted after a jury trial.

For the first time, on appeal defendant attacks the information as one which alleges the facts by disjunctive pleading. Under our statute[2] and cases, the test is not whether the information is technically correct but whether defendant has demonstrated that he was misled by the information and raised the objection in a timely manner. In the case at hand, we are of the opinion that defendant has satisfied neither requirement. State v. Pratt, 277 Minn. 363, 366, 152 N. W. 2d 510, 513 (1967).

Defendant complains of deficiencies in the court's charge, including those dealing with the burden of proof and presumption of innocence. He took no exception to the instructions at the time they were given, and we find no errors or omissions which require reversal.

Affirmed.

[2] Minn. St. 628.19 provides in part: "No indictment shall be insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."