## EVERETT GILLES v. STATE.

216 N. W. 2d 898.

April 12, 1974—No. 44010.

*C. Paul Jones,* State Public Defender, and *Richard D. Genty,* for appellant.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, *Peter W. Sipkins,* Assistant Solicitor General, and *Robert F. Carolan,* Special Assistant Attorney General, for respondent.

PER CURIAM.

This is an appeal from an order of the district court denying a petition for postconviction relief. The case arises out of the

fatal shootings by defendant of his former wife and mother-in-law in 1965. Initially charged with first-degree murder as a result of those shootings, defendant was permitted, over the state's opposition, to plead guilty to charges of second-degree murder, for which he received concurrent sentences of 40 years. Thereafter, on direct appeal to this court, defendant challenged the convictions claiming that when he pleaded guilty he was so emotionally upset and nervous that he did not understandingly plead guilty and therefore did not effectively waive his right to challenge later the admissibility of certain inculpatory evidence. This court, while stating that defendant was not precluded from raising these claims in postconviction proceedings in the district court, held that on the record on direct appeal there was no support for the claims. State v. Gilles, 279 Minn. 363, 157 N. W. 2d 64 (1968). Subsequently defendant petitioned for postconviction relief, the denial of which he now challenges, claiming that (1) when he pleaded guilty he was so emotionally upset that he could not understand the proceedings or effectively make such a decision, (2) when he shot the two women he was so mentally deficient that he was incapable of forming the intent necessary to convictions for second-degree murder, and (3) he did not receive adequate representation from his privately retained counsel. We have carefully considered defendant's claims and conclude that the district court properly denied defendant's petition.

1. Applying the usual test—that is, whether the defendant was able to understand the nature of the proceedings against him and consult and cooperate in his defense—this court has already determined that the record of the proceedings before the trial court when defendant entered his plea of guilty does not support defendant's claim of incompetency to plead guilty. Rather, the record of that matter "discloses unequivocal statements by him repeatedly acknowledging that he understood the charges and the proceedings; that he in fact committed the acts constituting the offenses; and that he understood the effect and possible consequences of his pleas, including that he was thereby waiving

his right to appeal the rulings of the trial court on the admissibility of evidence." 279 Minn. 364, 157 N. W. 2d 65.

Therefore, the issue is whether defendant introduced any evidence at the postconviction hearing which would necessitate the conclusion that he was not competent to plead when he changed his plea. The main evidence introduced by defendant, apart from certain self-serving testimony of defendant which differed from his testimony when he changed his plea, was the testimony of Dr. Carl A. Schwartz, a psychiatrist. Dr. Schwartz, who had reported to the district court prior to trial that defendant was competent to stand trial, testified that, although he had no personal knowledge of the defendant's state of mind on the day he changed his plea (the morning of the third day of trial), he had doubts about defendant's competency on that day because defendant had not received any tranquilizers during the trial proceedings as the witness had recommended. According to Dr. Schwartz, there should have been an examination of defendant by a psychiatrist on the day he changed his plea; without such an examination, Schwartz testified, he could not be sure that defendant was competent on that day. We do not believe that this evidence was sufficient to necessitate the conclusion that defendant was not competent to plead on the day he changed his plea.

For other cases dealing with this issue, see State v. Jensen, 286 Minn. 65, 174 N. W. 2d 226 (1970); Ingham v. State, 283 Minn. 471, 168 N. W. 2d 691 (1969); State ex rel. Stangvik v. Tahash, 281 Minn. 353, 161 N. W. 2d 667 (1968).

2. Defendant's second contention is that he should be permitted to withdraw his guilty plea because he was so mentally deficient when he shot the two women that he was incapable of forming the intent necessary to convictions for second-degree murder. We believe that defendant by pleading guilty waived the right to thereafter argue this issue. As this court stated in State v. Peters, 274 Minn. 309, 316, 143 N. W. 2d 832, 837 (1966), "[W]here a defendant in a criminal case who was represented by competent counsel enters a plea of guilty to a charge

contained in an information filed against him, the general rule is that he waives all defenses other than that the information charges no offense." For specific cases indicating that when a defendant who is mentally competent pleads guilty he thereby waives the defense of insanity, see State ex rel. Stangvik v. Tahash, *supra,* and State v. Seebold, 280 Minn. 241, 158 N. W. 2d 854 (1968).

3. There is no merit whatever to defendant's argument that he did not receive adequate representation.

Affirmed.