STATE v. LEONARD CHARLES DeFOE, JR.

241 N. W. 2d 635.

March 26, 1976—No. 45563.

C. *Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Keith M. Brownell,* County Attorney, and *John E. DeSanto,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant appeals from a judgment of conviction of simple robbery, Minn. St. 609.24. The defense at trial was that defendant was so intoxicated at the time of the alleged crime that he could not form the particularized state of mind requisite to a simple robbery. The jury rejected this defense and the trial court sentenced defendant to an indeterminate term of 10 years' imprisonment, to be served concurrently with a 5-year term on a prior conviction for uttering a forged instrument. We affirm.

Defendant's first contention on appeal is that the evidence was such that the jury could not reasonably reject his defense of intoxication. We have carefully considered this contention and conclude that the jury was not compelled under the facts of this case to find that defendant did not have the particularized state of mind required. See, State v. Olson, 298 Minn. 551, 214 N. W. 2d 777 (1974); State v. Bonga, 278 Minn. 181, 153 N. W. 2d 127 (1967).

Defendant's second contention is that the trial court erred in sentencing him to prison rather than ordering him committed as a drug dependent pursuant to Minn. St. 145.698, subd. 2. From the record it appears that neither defendant nor his counsel requested commitment of defendant as a drug dependent when given the opportunity to speak at the time of sentencing. Further, the record does not compel the conclusion that defendant is a drug dependent. Finally, § 145.698, subd. 2, which authorizes the commitment of convicted defendants who may

be drug dependents, is permissive and does not require commitment. The record does disclose that at one time correctional authorities recommended transfer of the defendant to a state hospital for alcoholic treatment, but that the suggestion was refused by the district court unless defendant could, over a period of time, exhibit a proper adjustment pattern. To require an alcoholic to exhibit signs of curing himself before receiving help reflects in itself a lack of understanding of the true nature of alcoholism. We cannot help but feel that the courts must be given more tools to help them to discover whether chemical dependency really exists in this type of case before passing sentence. This defendant, if he is in fact chemically dependent on alcohol, should have been helped under the commitment procedure authorized by § 145.698.

Defendant's last contention, that his imprisonment constitutes cruel and unusual punishment because he is a chronic alcoholic and his condition caused him to commit the crime, is not substantiated. As we indicated, the record does not compel the conclusion that defendant is a chronic alcoholic. Further, the cases do not support the argument that it is cruel and unusual punishment to imprison a chronic alcoholic for a robbery that may be somehow causally related to his condition. See, LaFave & Scott, Criminal Law, § 45, p. 349.

Affirmed.