STATE of Minnesota, Respondent,

v.

Leonard Charles DeFOE, Jr., Michael Joseph DeFoe, Steven Paul DeFoe, Appellants.

Nos. 47950, 47951 and 47952.

Supreme Court of Minnesota.

June 8, 1979.

2. The occurrence of the injuries of May 6, 1970, and September 29, 1973, was not contested.

C. Paul Jones, Public Defender, and Kathy A. King, Asst. Public Defender, Minneapolis, for appellants.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty., and John H. Daniels, Jr., Sp. Asst. Atty. Gen., St. Paul, Donald J. Diesen, County Atty., Carlton, for respondent.

TODD, Justice.

Defendants Steven, Michael, and Leonard DeFoe, Jr., were jointly tried in district court of charges arising from the September 8, 1976, robbery of the Cromwell Liquor Store and a number of its patrons, and from a shooting of one of the patrons which occurred during the course of the robbery. The jury found all three defendants guilty of aggravated robbery and found defendant Michael DeFoe guilty also of the offense of aggravated assault for the shooting. The trial court sentenced each of the defendants to a 1 to 20 year prison term for the aggravated robbery and sentenced defendant Michael DeFoe to an additional 1 to 10 year consecutive term for the aggravated assault. Issues raised by all three on appeal relate to the sufficiency of the evidence, the legal propriety of joining the defendants for trial, the adequacy of the instructions, and the legality of the trial court's refusal to order treatment of defendants as alcohol dependents rather than sentence them to prison. An added issue, raised on defendant Michael DeFoe's behalf, relates to the

legality of convicting him of two offenses and/or sentencing him to two terms. We affirm.

The state's evidence indicated that defendants entered the bar, ordered everyone to lie down, and proceeded to take money and checks from the bar and money from the wallets and purses of the patrons. Defendant Michael DeFoe, who was armed with a revolver, fired it once into the ceiling in order to compel acquiescence and shot one of the patrons who expressed reluctance at cooperating. After the robbery, the three sped away in a car but were soon spotted by alerted sheriff's deputies who chased and eventually captured the three.

■ 1. Defendants' first contention is that the evidence that they committed a robbery was legally insufficient. There is no merit to this contention. The only specific matter that needs to be addressed is defendant Michael DeFoe's argument that since Minn.St. 609.05, the aiding-and-abetting statute, was not mentioned in the complaint against him, his conviction was improper because there was no evidence that he actually took anything himself, only that his confederates did. We have rejected similar arguments in a number of cases. See, *State v. Alexander,* 290 Minn. 5, 185 N.W.2d 887 (1971), and *State v. Pratt,* 277 Minn. 363, 152 N.W.2d 510 (1967). In *Alexander* we affirmed a conviction because of evidence of aiding and abetting, notwithstanding the failure of the state to specifically cite § 609.05 in the charges. Here, while the statute was not cited in the complaint, the complaint made it clear that defendant was being charged with aggravated robbery, and the reports and statements attached to the complaint made it clear what the state basically contended had happened. There is therefore no possibility that defendant was confused as to the nature of the charges.

■ 2. Defendants' next contention is that the trial court erred in granting the state's request for a joint trial even though defendants agreed to the request.

Rule 17.03, subd. 2(1), Rules of Criminal Procedure, provides in part as follows:

" * * * When two or more defendants shall be jointly charged with a felony, they shall be tried separately provided, however, upon written motion, the court in the interests of justice and not solely related to economy of time or expense may order a joint trial for any two or more said defendants."

While recognizing that in *State v. Duncan,* 312 Minn. 17, 250 N.W.2d 189 (1977), we upheld a joinder which was consented to by codefendants, defendants try to distinguish their case on the ground that they were all represented by the same attorney whereas in *Duncan* the codefendants were represented by separate counsel.[1]

Although defendants claim prejudice, they never specified in what way they felt they were prejudiced. It is true that Michael DeFoe was charged with an additional crime, but it is clear that even if they had been tried separately, the evidence of the acts constituting the additional crime would have been admissible in each trial. It also seems likely that in each separate trial the theory of the defense would have been the same as it was at the joint trial, that intoxication prevented the formation of the intent necessary to commit the crime. We believe it is highly unlikely that the results of separate trials would have been any different than the results of the joint trial. Under the circumstances, we hold that defendants were not prejudiced by the joint trial. Because of this we need not address the issue of whether the joinder was improper. *State v. Googins,* 255 N.W.2d 805 (Minn.1977).

■ 3. Defendants' next contention is that the trial court's instructions on aggra-

---

1. Defendants do not directly raise the issue of joint representation. They raise it only indirectly in connection with their claim that joinder was inappropriate. The procedures set forth in *State v. Olsen,* 258 N.W.2d 898 (Minn. 1977), relating to the protection of defendants against the dangers of dual representation, were not in effect at the time this case was tried.

vated robbery were inadequate and that the court's instructions on liability of a defendant for crimes of another were inaccurate. There is no merit to the latter contention. As for the former, we agree that the instructions on aggravated robbery were not model instructions, but we do not believe a new trial is mandated. The focus of the defense was on how defendants' intoxication affected their ability to formulate the requisite intent, and for that purpose, the instructions were adequate. If defense counsel had felt that the instructions were inadequate for his purpose, presumably he would have objected to them. He did not.

■ 4. The final joint contention of defendants relates to the propriety of the trial court's refusal to sentence defendants to some treatment program instead of prison.

Minn.St. 145.698, subd. 2, the statute on which defendants rely, provides as follows:

"Upon conviction of a defendant for any crime in district court or any municipal court from which an appeal lies directly to the supreme court, or following revocation of probation previously granted whether or not sentence has been imposed, if it appears to the court that the defendant may be a drug dependent person, or by reason of the repeated use of drugs may be in imminent danger of becoming addicted, the court may adjourn the proceedings or suspend imposition or execution of sentence and order the county attorney to file a petition for commitment of the defendant pursuant to the Minnesota hospitalization and commitment act for confinement in a hospital, a mental health center, the Willmar state hospital, or other drug treatment facility until such time as the court feels that such person is no longer in need of institutional car and treatment."

In an earlier appeal in a different case involving defendant Leonard DeFoe, Jr., we addressed this same issue in the context of that case, and stated that, while we believed trial judges should be encouraged to use the commitment procedures of the statute to help chemically dependent defendants, the provisions of the statute were permissive and did not require commitment. *State v. DeFoe,* 308 Minn. 436, 241 N.W.2d 635 (1976).

Here, there was strong evidence that defendants were all chronic alcoholics and again one could argue that they should have been committed for treatment. However, the trial court in sentencing defendants to prison relied on information which suggested that the safety of society required that any treatment of defendants' alcohol problems take place in a secure prison environment, and we cannot say that the court abused its discretion in this decision.

5. As we indicated, defendant Michael DeFoe raises a separate issue, whether his convictions and/or double sentences violate the double jeopardy clause of the constitution, Minn.St. 609.04, or Minn.St. 609.035.

■ (a) There is no merit to the double jeopardy claim. Under the prevailing test —see, *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)—the offenses of which defendant was convicted were different and therefore his conviction for each offense did not constitute a violation of the double jeopardy clause. Aggravated robbery requires proof of a robbery plus proof that the defendant was armed or that he inflicted "bodily harm." Conviction for aggravated assault under Minn.St. 609.225, subd. 1, requires proof of infliction of "great bodily harm" upon another person. In other words, neither crime is necessarily included in the other, and defendant's reliance on § 609.04—which bars convicting a defendant of both a greater and an included offense—is also unjustified.

■ (b) The test used to determine whether it is proper to punish a defendant twice for multiple intentional offenses arising from the same basic incident[2] is wheth-

2. Minn.St. 609.035 provides as follows: "Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

er the underlying conduct was motivated by a desire on defendant's part to obtain a single criminal objective or by two or more criminal objectives. *State v. Johnson,* 273 Minn. 394, 141 N.W.2d 517 (1966). Since the assault in this case occurred during the course of the robbery when one of the patrons of the bar expressed a reluctance to cooperate, one could argue that the assault was in furtherance of the robbery and that all of defendant's conduct was motivated by a desire to accomplish a single criminal objective. On the other hand, the state's evidence indicated that defendant could have committed the robbery without shooting this patron, and one might therefore argue that the assault was gratuitous and neither necessitated by nor in furtherance of the robbery. However, we need not decide what the result would be if this were a case in which the victim of the assault was the only victim of the robbery because the defendant robbed not just the victim of the assault but numerous other patrons present in the store. This case therefore is similar to other multiple-victim cases in which we have permitted multiple sentencing. *State v. Briggs,* 256 N.W.2d 305 (Minn.1977), is an example. There, the defendant was found guilty of three counts of aggravated assault for his act of firing some 20 rounds of ammunition at three different victims. In holding that under the circumstances the court did not violate § 609.035 in sentencing the defendant to three consecutive sentences, we cited *State ex rel. Stangvik v. Tahash,* 281 Minn. 353, 360, 161 N.W.2d 667, 672 (1968), where we stated that "the legislature did not intend in every case to immunize offenders from the consequences of separate crimes intentionally committed in a single episode against more than one individual." See, also, *State v. Prudhomme,* 303 Minn. 376, 228 N.W.2d 243 (1975). Allowing multiple sentencing in the instant case does not unfairly exaggerate the criminality of the defendant's conduct and the double sentence seems commensurate with defendant's increased culpability.

Affirmed.