STATE of Minnesota, Respondent,

v.

Everett B. GILLES, Appellant.

Nos. 81–1208, 82–106.

Supreme Court of Minnesota.

Aug. 13, 1982.

Ronald Schumeister, Minneapolis, Fred L. Neff, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Daniel Mabley, Asst. County Atty., Minneapolis, for respondent.

YETKA, Justice.

Defendant was charged in Hennepin County with first-degree arson for allegedly setting fire to his wife's house. He waived his right to a jury trial and was tried in district court before Judge Donald T. Barbeau, who found him guilty as charged and sentenced him to 49 months in prison,[1] with the sentence running concurrently with two previously imposed concurrent 40-year prison terms, for which parole was revoked.[2] On this appeal from judgment of conviction and from the order denying a new trial, defendant's privately retained attorney argues that the state's evidence was insufficient to establish that defendant was the person who set the fire and that the trial court erroneously admitted eyewitness identification testimony of a neighbor who testified that she saw defendant driving away from the house after smoke had begun to appear. Defendant has also filed a handwritten supplementary brief in which, among other things, he attacks the state's witnesses, his trial counsel, and the trial court. We affirm.

After his release from prison, defendant was married to a woman who is the mother of six children. Defendant moved into his new wife's south Minneapolis house, which he shared with her, one of her children, and her mother.

At 1:15 p.m. on July 14, 1981, defendant's wife, stepson, and mother-in-law left the house to keep a 2:00 p.m. doctor's appointment. Defendant was in the house when they left. Shortly after 2:00 p.m., a neighbor saw smoke coming from defendant's house. While attempting to call the police, she saw defendant drive in his van down the alley away from the burning house. The fire department arson investigators found that the blaze, which did not destroy the house but which caused extensive damage, had been carefully set by use of gasoline from a can normally left in the garage. The state produced evidence that a neighbor had tried both the front and back doors before the fire department arrived and that both were locked. Since the back door could only be locked from the inside and since the front had been locked by a key, this indicated that someone with a key had set the fire. Only defendant, the wife, and the mother-in-law had keys. The dog, which was normally kept in the house, was found in the garage.

Meanwhile, defendant was located at the Richfield house of one of his stepdaughters. He had appeared there unannounced sometime before 3:00 p.m. This was highly unusual since defendant had never gone there alone and unannounced before. He appeared nervous when he arrived. When told of the fire, he expressed no surprise or emotion.

Shortly after returning to the house, defendant was arrested. Before arresting defendant, arson investigators talked with his wife, who apparently suspected that defendant had set the fire because defendant was angry that she was considering divorcing him and because a neighbor had seen defendant leaving the scene after smoke was coming from the house.

---

1. This is the presumptive sentence for this offense (severity level VII) by one with defendant's criminal history score (three).

2. In 1965 defendant pleaded guilty to second-degree murder for fatally shooting his former wife and former mother-in-law and was sentenced to concurrent 40-year prison terms. *Gilles v. State*, 299 Minn. 158, 216 N.W.2d 898 (1974); *State v. Gilles*, 279 Minn. 363, 157 N.W.2d 64 (1968). He was paroled in 1978.

A search of defendant's van revealed that defendant had removed a television and a trunk from the house. This trunk contained items relating to defendant's business as a maker and distributor of doll lamps and included his checkbook. The search also revealed that defendant had removed a clean shirt and clean pants from the house, along with personal hygiene items.

Testifying in his own behalf at trial, defendant claimed that, after his wife left the house, he decided to drive to Duluth on business. He testified that he left the back door unlocked and put the dog in the garage. He testified that, instead of leaving a note for his wife, whom he had not told of the trip, he decided to drive to his stepdaughter's house in Richfield and tell her, after first stopping and having coffee at a restaurant. He testified that he planned to then take the television set to a repair shop in Anoka, then drive to Duluth. He denied setting the fire, claiming that he had no motive to do it because he had over $18,000 of uninsured property in the house.

■ 1. As our summary of the evidence against defendant reveals, defendant's contention that the evidence against him was legally insufficient is meritless.

■ 2. Defendant's contention that the trial court erred in admitting and relying on the eyewitness identification testimony of the neighbor is also without merit.

Defendant argues that the neighbor identified him as the man driving the van down the alley only after police arrested him and that her identification therefore was the fruit of the arrest, which defendant argues was illegal. Defendant also argues the identification was influenced by the arrest, which defendant contends was the equivalent of a suggestive showup because the neighbors viewed the arrest.

■ It is clear to us, however, that the arrest was not illegal, but was a valid arrest based on probable cause. Further, the identification was not the product of the arrest. Rather, the decision to arrest was based in part on the neighbor's statement to police

that defendant was the man she had seen driving in the van away from the burning house. Finally, the reliability of the neighbor's identification was shown by the fact that she knew defendant from having seen him many times before and by the fact that she not only promptly reported what she saw to the police, but, at all times subsequent, has been certain in her identification of defendant. Stated differently, there was no "very substantial likelihood of irreparable misidentification" in this case. *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140 (1977); *see Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

■ Defendant's general allegations in his supplementary handwritten pro se brief that he was denied a fair trial and effective assistance of counsel are not borne out by an examination of the record on appeal.

Affirmed.