**Everett GILLES, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C4–82–1575.**

Supreme Court of Minnesota.

June 22, 1984.

Everett B. Gilles, pro se.

C. Paul Jones, Minn. Public Defender, Mollie G. Raskind, Deputy State Public Defender, Brian I. Rademacher, Asst. Public Defender, Minneapolis, Gary L. Hansen, St. Paul, John D. Scholl, Worthington, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Merlyn Anderson, Murray County Atty., John A. Doyle, Asst. Murray County Atty., Slayton, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Everett Gilles, age 55, from an order of the Murray County District Court denying his petition for post-conviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

In December of 1965 petitioner murdered his former wife and mother-in-law in Slayton. He was charged by indictment with two counts of first-degree premeditated murder. After 2 days of trial to the court, he was permitted, over the objection of the prosecutor, to plead guilty to two counts of second-degree intentional murder. The trial court sentenced him to two concurrent 40-year indeterminate prison terms. In *State v. Gilles,* 279 Minn. 363, 157 N.W.2d 64 (1968), we affirmed the convictions on direct appeal. In *Gilles v. State,* 299 Minn. 158, 216 N.W.2d 898 (1974), we affirmed the denial of his petition for postconviction relief from the convictions.

Petitioner was released on parole in February of 1978. After remarrying, petitioner lived with his new wife, her young son, and her mother in her Minneapolis home. On July 14, 1981, the house was set on fire. Petitioner was charged with first-degree arson and was tried in Hennepin County District Court before the trial court, which found him guilty as charged and sentenced him to the Sentencing Guidelines term of 49 months in prison, with the sentence running concurrently with the two previously imposed terms, for which parole was revoked. In *State v. Gilles,* 322 N.W.2d 755 (Minn.1982), we affirmed petitioner's arson conviction.

The petitioner's sentence expiration date and current target release date in connection with the murders are the same, June 8, 1993.

Second-degree intentional murder is a severity X offense. If the Sentencing Guidelines had been in effect at the time petitioner committed the murders, petitioner's criminal history score at the time of sentencing would have been zero. The presumptive sentence for a severity level X offense by a person with a criminal history score of zero was 116 (111–121) months in prison but was recently amended and is now 120 (116–124) months in prison. The parties agree that if the Guidelines had been applicable, the sentencing court would have been free to make the sentences con-

secutive. If petitioner were resentenced according to the Guidelines (to either a 232-month or 240-month term), he apparently would be entitled to immediate release from prison. The target release date for his arson conviction is April of 1984 and the sentence expiration date in connection with that offense is August of 1985.

In November of 1982, the Murray County District Court denied petitioner's petition for resentencing according to the Guidelines. Petitioner appealed but then sought a remand, claiming that he had wanted but had not received an evidentiary hearing on the petition. We remanded in February of 1983. The hearing was held in May of 1983. The district court again refused to resentence petitioner.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that his prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." (Citations omitted.)

Petitioner is serving a sentence for two murders, both by definition violent offenses. He failed on parole, committing the offense of arson in the first degree. He had the burden of proving that his early release from the sentences for the murders would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.