**Vincent T. EFFINGER,**
**Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C2-85-147.**

Court of Appeals of Minnesota.

June 4, 1985.

Review Granted Aug. 13, 1985.

C. Paul Jones, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan Mitchell, St. Louis County Atty., Duluth, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## SUMMARY OPINION

FORSBERG, Judge.

### FACTS

On January 14, 1976, appellant and his brother decided to rob and murder a cab driver to get some spending money. They called a cab and asked the driver to proceed to the intersection of two rural streets outside Duluth, Minnesota. Appellant struck the driver over the head five or six times with a wrench, took the unconscious driver's wallet, and pushed the driver out of the cab into a snowbank in sub-zero weather.

Appellant then jumped into the driver's seat, drove the cab a short distance, and abandoned it. Appellant and his brother obtained $30 from the driver's wallet. The driver never regained consciousness. During the three months in the hospital before his death, the driver was treated for frostbite, brain damage, and had his right leg amputated. The driver died as a result of his injuries on April 12, 1976.

Appellant and his brother were apprehended in St. Paul on February 25, 1976. Appellant and his brother admitted they planned to rob and kill the driver. On March 9, 1976, appellant pleaded guilty to attempted first degree murder, aggravated robbery, and unauthorized use of a motor vehicle. Thus, appellant could not be prosecuted for first degree murder after the driver died on April 12.

**420**

Appellant later sought post-conviction relief. The post-conviction court refused to order appellant to be transported from St. Cloud to Duluth at state expense. The court stated it would allow the public defender's office to provide transportation or proceed without appellant being present. The public defender claimed it did not have the authority to provide transportation, and appellant did not personally attend the hearing.

The court held appellant was not entitled to be resentenced under the Minnesota Sentencing Guidelines and was not entitled to vacation of his consecutive sentence for unauthorized use of a motor vehicle. The court granted appellant's request for 34 days jail credit, but refused to apply the credit to both of appellant's sentences.

## ANALYSIS

1. Appellant is not entitled to resentencing pursuant to Minn.Stat. § 590.01 (1984). Appellant was convicted of a violent crime, has had five disciplinary violations while incarcerated, and participated in an escape attempt in 1982. Appellant did not meet his burden of establishing that his early release "would not present a danger to the public and would not be incompatible with the welfare of society". *Gilles v. State*, 349 N.W.2d 561, 562 (Minn.1984); *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982).

2. Appellant did not have an absolute right to be present at the post-conviction relief hearing. Minn.Stat. § 590.04, subd. 3 (1984) provides:

The court *may* order the petitioner to be present at the hearing. If the petitioner is represented by an attorney, the attorney shall be present at any hearing.

*Id.* (emphasis added). Under the express language of the above statute, a court has the discretion to order a petitioner to be present under section 590.04. Appellant was represented by counsel; under the facts of this case, appellant's rights were fully vindicated, and he was not prejudiced.

3. Imposition of two consecutive sentences did not violate Minn.Stat. § 609.035 (1976). The purpose of this statute is to prohibit double punishment and to ensure the degree of punishment will be commensurate with the crime. *State v. Johnson*, 273 Minn. 394, 399, 141 N.W.2d 517, 521–22 (1966). We do not believe the prohibition against double punishment is violated, because appellant's acts of robbing the driver and then stealing the cab company's car involved multiple victims. *See State v. DeFoe*, 280 N.W.2d 38, 42 (Minn.1979); *State v. Fischer*, 354 N.W.2d 29, 35 (Minn. Ct.App.1984), *pet. for rev. denied*, (Minn. Dec. 20, 1984). Appellant avoided prosecution for first degree murder by pleading guilty to attempted first degree murder before the victim died. Therefore, imposition of a consecutive sentence in this matter in no way exaggerates appellant's criminality.

4. Appellant is not entitled to double jail credit applied against the expiration of his consecutive sentence for unauthorized use of a motor vehicle. *State v. Jannetta*, 355 N.W.2d 189, 195 (Minn.Ct. App.1984), *pet. for rev. denied*, (Minn. Jan. 14, 1985).

## DECISION

Appellant is not entitled to resentencing under the Minnesota Sentencing Guidelines. Appellant did not have an absolute right to attend his post-conviction relief hearing. Appellant's consecutive sentences for attempted first degree murder and unauthorized use of a motor vehicle did not violate Minn.Stat. § 609.035. Appellant is not entitled to double jail credit against the expiration of his conviction for unauthorized use of a motor vehicle.

Affirmed.